**Kimberly J. NEWTON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 4–683A203.**

Court of Appeals of Indiana, Fourth District.

March 29, 1984.

---

David J. Dreyer, Donald R. Lundberg, Legal Services Organization of Ind., Inc., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Kimberly J. Newton's principal argument in impugning her sentence for operating a vehicle while intoxicated (IND.CODE 9-4-1-54(b), Class A misdemeanor) (repealed 1983 Ind. Acts, P.L. 143, § 9) is that the trial judge improperly ordered her to pay $100 to the clerk of the court for payment of pauper counsel as part of her sentence. She argues that such ruling denied her fundamental right to counsel and that she is entitled to the return of that sum. We cannot address this issue because of procedural error and dismiss the appeal.

## FACTS

On October 27, 1982, Newton was charged by information with operating a vehicle while intoxicated. At that time, she pleaded not guilty, and the trial court, finding her indigent, appointed counsel to defend her. On February 15, 1983, Newton returned to court and pleaded guilty to the charge under a plea agreement that she pay, within 30 days, a $300 fine plus costs, with $100 of the fine suspended if she put that amount into the county's fund for payment of pauper counsel. After paying the total $362 to the clerk of the court, Newton filed a motion to correct error, which was denied, and this appeal ensued.

## DECISION

It is apparent that Newton's appeal here is an attack on the penalty imposed pursuant to her guilty plea and its coexistent plea agreement. It is basic to and idiosyncratic in Indiana law that errors premised upon a guilty plea must be brought by a petition for post-conviction relief under Ind.Rules of Procedure, Post-Conviction Rule 1. *Crain v. State,* (1973) 261 Ind. 272, 301 N.E.2d 751. Newton has not done so, and her appeal must be dismissed.

We are aware that, where fundamental error exists, the procedural error will be ignored and we will address the merits of the case. *See, e.g., Goode v. State,* (1974) 160 Ind.App. 360, 312 N.E.2d 109. However, we do not believe Newton has presented us with such error. She claims she was denied her right to assistance of counsel because part of her sentence required her to pay $100 into the county pauper counsel's fund. Having been imposed as part of her *sentence,* we fail to see how she was denied her right to counsel. To the contrary, counsel appeared with Newton at her guilty plea hearing and apparently represented her interests in all phases of the plea negotiations. (And Newton's situation does not resemble the problem in *Bergdorff v. State,* (1980) Ind. App., 405 N.E.2d 550, where a defendant's funds were improperly seized *prior* to trial for payment of court-appointed counsel). We perceive no fundamental error here.

We do not intimate that it was not error to make Newton pay into the pauper counsel fund when she had been determined to be indigent for purposes of appointing such counsel. But even if it were error to direct $100 of Newton's fine into the pauper counsel fund (*see* IND. CONST. art. 8, § 2),[1] the fact remains she was fined $300 plus costs. The error, if any, is not one addressed to the *amount* of the fine, just its uses.[2] Newton would not be entitled to the return of any money on the basis of this appeal.

---

1. IND. CONST. art. 8, § 2 states, "The Common School fund shall consist of ... the fines assessed for breaches of the penal laws of the State...."

2. As a practical matter, the issue involves a bookkeeping problem, which would probably have to be solved by some transfer of funds by the county auditor from the pauper counsel fund to the state common school fund.

██ We also disapprove of the trial court's failure to provide Newton another indigency hearing at the time it imposed the agreed fine, a fact observed upon our independent review of the record. *See, e.g., Meeker v. State,* (1979) Ind.App., 395 N.E.2d 301. Although such hearing may be non-waivable, we do not find fundamental error here where Newton agreed to pay the $300 fine by a certain date and where, even if indigent, a defendant can be sued civilly for any unpaid amount. IND.CODE 35–1–44–8 (now at IND.CODE 35–38–1–18). An indigency hearing would have merely prevented the trial court from ordering dates of compliance with the fine. IC 35–1–44–8 does not, however, prevent collection of the fine altogether. Newton, by having already paid *as she had agreed to do,* has merely obviated further legal proceedings. Thus, we find no fundamental error here either, which would require that we address her appeal.

Dismissed.

CONOVER, P.J., and YOUNG, J., concur.