**Troy COLLINS, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 25A03–9605–CR–148.**

Court of Appeals of Indiana.

Dec. 31, 1996.

C. Richard Oren, Rochester, for Appellant-Defendant.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Troy Collins brings this direct appeal from a judgment entered upon a guilty plea. The facts relevant to the appeal are recited below.

Collins was employed by Wilson Corn Products, Inc., in Rochester, Indiana, as a forklift driver. At the end of the work day on September 18, 1995, Collins set a fire in the facility which ultimately caused the structure to burn down. The damages to the facility were estimated at more than $700,000.

On September 25, 1995, Collins was charged by information with one count of arson,[1] as a Class B felony. Collins pled guilty to the count and the trial court entered a judgment of conviction. A sentencing hearing was conducted on January 22, 1996, after which Collins was sentenced to twenty years' imprisonment and ordered to pay a one dollar fine plus court costs and restitution in the amount of $700,000.

On direct appeal of his guilty plea, Collins raises the following issues:

(1) whether the State presented a sufficient factual basis for the acceptance of Collins' guilty plea;

(2) whether Collins' trial counsel was ineffective; and

(3) whether Collins' sentence is manifestly unreasonable.

■ Collins first contends that there was an insufficient factual basis for the acceptance of his guilty plea. He alleges that the State failed to establish that he knowingly damaged the property of Wilson Corn Products, Inc. As the State points out in its brief, however, this issue is not properly before us and we cannot therefore resolve it on its merits.

One consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal. *Tumulty v. State,* 666 N.E.2d 394, 395 (Ind.1996). It is basic to and idiosyncratic in Indiana law that error premised upon a guilty plea must be brought by a petition for post-conviction relief under Ind. Rules of Procedure, Post–Conviction Rule 1.

*Newton v. State,* 460 N.E.2d 1266, 1267 (Ind. Ct.App.1984). Collins has not done so, and his appeal must be dismissed without prejudice.

■ Collins next argues that his trial counsel was ineffective for failing to 1) investigate whether there was a basis upon which to raise a defense to the arson charge and 2) present at the sentencing hearing an argument concerning Collins' psychological disorders. Collins specifically argues that the "conduct of his trial counsel in failing to investigate and obtain his psychological evaluations[,] and obtain the consultation and advise [sic] of a forensic psychologist prior to making a decision to enter a plea of guilty, demonstrates that his trial counsel's performance was deficient" and that "but for his trial counsel's unprofessional errors, there [was] a reasonable probability that ... an entry of a plea of guilty would never have been made."

Here, however, Collins' ineffective assistance of counsel claims are based upon his guilty plea. As was stated above, error premised upon a guilty plea must be brought by a petition for post-conviction relief under the P–C.R. 1. *Newton,* 460 N.E.2d at 1267. Because he has failed to do so, Collins' ineffective assistance of counsel issues are dismissed without prejudice to his right to raise these issues in a subsequent post-conviction proceeding, if he so chooses.

■ Collins further argues that he was denied effective assistance of counsel at his sentencing hearing because his counsel failed to arrange for a psychiatric evaluation. It is well settled that judicial scrutiny of counsel's performance is highly deferential. *Sarwacinski v. State,* 564 N.E.2d 950, 951 (Ind.Ct. App.1991). The standard for counsel's performance is reasonably effective assistance. *Id.* To prevail on a claim of ineffectiveness, a defendant must show 1) that counsel's performance fell below an objective standard of reasonableness and 2) the reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Id.* This Court will not speculate as to what may have been counsel's most advantageous strategy, and isolated poor strategy, bad tactics, or inexperience does not necessarily amount to ineffective assistance. *Id.,* citing, *Strickland v. Washington,* 466 U.S. 668, 689–91, 104 S.Ct. 2052, 2065–66, 80 L.Ed.2d 674.

---

1. *See* IND.CODE § 35–43–1–1(a)(3) (1993 Ed.).

Great deference is given to the discretion afforded counsel in making tactical and strategic decisions in representing his client's cause. *Warner v. State,* 577 N.E.2d 267, 270 (Ind.Ct.App.1991).

At his sentencing hearing, Collins, through his counsel, agreed to forego a new psychiatric evaluation and rely upon the several psychiatric evaluations that had been done within the last five years. Defense counsel stated during the hearing that he intended to base his sentencing arguments upon Collins' pre-sentence report. During closing argument of the sentencing hearing, Collins' counsel emphasized Collins' psychiatric problems as mitigating factors, argued that probation would be in Collins' best interest, and asked the sentencing court to suspend between ten and fourteen years of Collins' sentence. Defense counsel's decision to argue using Collins' pre-sentence report, in an attempt to convince the sentencing court to limit Collins' sentence, was clearly a matter of strategy. This Court finds no reason to second-guess the strategic decision of counsel.

Collins next claims that the sentence imposed was manifestly unreasonable and that the order requiring him to pay $700,000 in restitution constituted an excessive fine and vindictive justice in violation of Article I, Sections 16 and 18 of the Indiana Constitution.[2]

■ The determination of a sentence rests with the discretion of the trial court. *Reynolds v. State,* 651 N.E.2d 313, 317 (Ind.Ct. App.1995). An appellate court will not alter a sentence authorized by statute, unless the sentence is manifestly unreasonable in light of the offender and the offense. *Id.* A sentence is not manifestly unreasonable unless no reasonable person could consider the sentence appropriate. *Id.*

■ IND. CODE § 35–50–2–5 (1993 Ed.) provides that the presumptive sentence for a Class B felony is ten years, and that no more than ten years may be added for aggravating circumstances. Collins received an aggravated sentence of twenty years which was within the statutorily authorized term of years.

In enhancing his sentence, the trial judge found Collins' past criminal history and his reluctance to admit that he suffers from psychological problems as aggravating factors. The sentencing order sufficiently identified the nature of the offense and the character of the offender. Under the circumstances of this case, a reasonable person could find that the sentence imposed was appropriate. The total sentence is not manifestly unreasonable and is not in need of revision.

■ Collins further argues that the trial court's order requiring him to pay $700,000 in restitution was excessive. Collins specifically avers that the trial court erred in failing to inquire into his ability to pay restitution.

■ A trial court may order one convicted of a felony or misdemeanor to make restitution to the victim as part of his sentence. *Reinbold v. State,* 555 N.E.2d 463, 469 (Ind. 1990). This principle arises from IND. CODE § 35–50–5–3(a)(1) (1993 Ed.) which provides:

> The court shall base its restitution order upon consideration of:
> (1) property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate)[.]

■ Here, Collins' sentence was executed, and he was ordered to make restitution to Wilson Corn Products, Inc. as part of his sentence. It is well settled that restitution imposed upon a defendant with an executed sentence does not require an inquiry into the defendant's ability to pay by the trial court. *Miller v. State,* 648 N.E.2d 1208, 1212 (Ind. Ct.App.1995); *see also, Bitner v. State,* 546 N.E.2d 117, 121 (Ind.Ct.App.1989). Furthermore, the fire that Collins set caused an estimated $700,000 in damage to the Wilson Corn Products facility. At the sentencing hearing, Tom Wilson, an owner of the business, testified that approximately two to three million dollars would be needed to rebuild and restart operation of the facility.

The trial court did not err in ordering Collins to pay restitution, and based upon the

2. Article I, Section 16 of the Indiana Constitution provides in pertinent part that: "Excessive fines shall not be imposed." Article I, Section 18 further provides that: "The penal code shall be founded on the principles of reformation, and not vindictive justice."

above, this Court fails to find the restitution order excessive.

Affirmed.

GARRARD and RILEY, JJ., concur.