**James NEWMAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–9706–CR–352.

Court of Appeals of Indiana.

Jan. 22, 1998.

John T. Wilson, Anderson, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Katherine L. Modesitt, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

James Newman appeals the sentences imposed by the trial court following his guilty plea to Burglary, as a Class C felony, Theft, as a Class D felony, Escape, as a Class C felony, Resisting Law Enforcement, as a Class D felony, and Driving While Suspended, as a Class A Misdemeanor. The trial court sentenced Newman to 20 years imprisonment, with 5 years suspended.

We affirm.

### FACTS

On June 25, 1995, police officers were dispatched to the R Bar Tavern to respond to a report that a burglary was in progress. When the officers arrived at the scene, Newman, the reported suspect, was sitting in his car in the parking lot of the tavern. The officers stopped in front of Newman's vehicle and ordered him three times to get out of his car. Newman refused to get out of his car and sped away from the police. Police pursued Newman's vehicle until he ultimately crashed into a cement wall. Following the crash, officers discovered cigarettes and money taken by Newman from the tavern. Officers placed Newman under arrest and summoned an ambulance to transport Newman to the hospital for the treatment of the injuries he received in the crash. After Newman and the officers arrived at the hospital, hospital personnel requested that Newman not be handcuffed in order that he be properly treated. When no officer was present in the treatment room, Newman managed to flee down the hospital corridor as hospital personnel yelled for assistance. Police officers recaptured Newman and subsequently transported him to the Madison County Jail.

### ISSUES

Newman presents two issues for our review which we restate as:

1. Whether his crimes constituted a single episode of criminal conduct.

2. Whether the trial court provided a sufficient sentencing statement to support the imposition of both enhanced and consecutive sentences.

### DISCUSSION AND DECISION
#### Issue One: Single Episode of Criminal Conduct

The trial court ordered Newman's sentences on Count I, burglary, and Count II, theft to run concurrently to one another. Count III, escape, was ordered to run consecutive to Counts I and II, while Count IV, resisting law enforcement, and Count V, driving while suspended, were ordered to run consecutive to one another and to all other counts. Newman contends that all of his crimes were part of a single "episode of criminal conduct" and, thus, his total sentence of 20 years exceeded the maximum allowable sentence. We must disagree.

Indiana Code § 35–50–1–2(c) provides that, except for crimes of violence, the total

of the consecutive terms of imprisonment to which a defendant is sentenced for convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one class of felony higher than the most serious of the felonies for which the defendant has been convicted. An episode of criminal conduct is defined as "offenses or a connected series of offenses that are closely related in time, place and circumstance." IND.CODE § 35–50–1–2(b). In *Tedlock v. State*, 656 N.E.2d 273 (Ind.Ct.App.1995), we examined two of our sister states' definitions of the term "episode" concluding that the definitions were consistent with and further illuminate our legislature's definition. Specifically, we noted the following definitions of "episode:"

'[T]he singleness of a criminal episode should be based on whether the alleged conduct was so closely related in time, place and circumstances that a complete account of one charge cannot be related without referring to details of the other charge.'

'Episode' means 'an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series.' This would cover the *simultaneous* robbery of seven individuals, the killing of several people with successive shots from a gun, the successive burning of three pieces of property, or such *contemporaneous* and related crimes as burglary and larceny, or kidnaping and robbery.

*Id.* at 276 (quoting *State v. Ferraro*, 8 Haw. App. 284, 800 P.2d 623, 628 (1990)).

Here, each of Newman's crimes which were ordered to run consecutive to one another occurred during a distinct episode of criminal conduct and may be described without referring to the details of his other charges. Newman's burglary and larceny of the R Bar Tavern, one distinct episode of conduct, took place before the police even arrived on the scene. When the officers arrived, Newman was in his car and refused to exit his car when ordered to do so by the officers. As a second and distinct episode of conduct, Newman sped away in his car, com-mitting the crimes of resisting law enforcement and driving while suspended. Newman ultimately crashed his vehicle into a cement wall. Newman was immediately arrested and transported to the hospital for the treatment of his injuries. After arriving at the hospital treatment room, in a separate episode of conduct, Newman committed his final unrelated crime of escape when he fled and began running down the hospital corridor.

We conclude that Newman's crimes were committed during three distinct episodes of criminal conduct. The crimes which occurred during each of Newman's three episodes of conduct are sufficiently unrelated and may each be described independently without referring to the specific details of the other episodes. Newman's conduct can hardly be compared to the "simultaneous robbery of seven individuals" or the "killing of several people with successive shots from a gun." *See Tedlock*, 656 N.E.2d at 276. Moreover, the total of the consecutive terms of imprisonment received by Newman for each episode of conduct does not exceed the statutory maximum. We conclude the trial court did not abuse its discretion when it ordered the sentences for each episode of conduct to be served consecutively to one another.

**Issue Two: Sentencing Statement**

Based upon the presence of aggravating factors, the trial court enhanced all of Newman's sentences and ordered the sentences on three of his five convictions to be served consecutively. Newman contends that the trial court's sentencing statement is insufficient to support the imposition of both enhanced and consecutive sentences. Again, we must disagree with Newman.

The determination of a sentence rests with the discretion of the trial court. *Collins v. State*, 676 N.E.2d 741, 744 (Ind.Ct.App.1996). The trial court's wide discretion extends to determining whether to increase a presumptive sentence, to impose consecutive sentences on multiple convictions, or both. *Singer v. State*, 674 N.E.2d 11, 13 (Ind.Ct.App.1996). When a sentence is enhanced or consecutive sentences are imposed, the trial court must set forth a statement of its rea-

sons for selecting a particular punishment. *Id.* Upon review, this court is not limited to the written sentencing order, but may examine the record as a whole to determine that the trial court made a sufficient sentencing statement. *Id.* at 14.

In the instant case, the trial court's sentencing statement identifies Newman's criminal history, the fact that he recently violated the conditions of his probation, and his need for correctional rehabilitative treatment that can best be provided by commitment in a penal facility as proper aggravating factors. The trial court further stated that "[t]his court has tried on many occasions to accommodate the defendant to allow him to modify his behaviors but he [has] steadfast[ly] refused to and that the only alternative left now is incarceration." Record at 99.

Contrary to Newman's argument that the sentencing statement is insufficient, the trial court's statement is not merely a recitation of three statutory aggravating factors, but clearly relates facts specific to Newman. Indeed, the transcript of the sentencing hearing reveals the specifics of Newman's recent probation violations. Record at 87 and 95. It is well-settled that even a single aggravating factor will support both enhanced and consecutive sentences. *Reaves v. State,* 586 N.E.2d 847, 852 (Ind.1992). The trial court's sentencing statement is sufficient to support the imposition of both enhanced and consecutive sentences. The trial court did not abuse its discretion when it sentenced Newman.

Affirmed.

HOFFMAN and FRIEDLANDER, JJ., concur.