Larry **EVERROAD,** Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 03A01–9805–CR–174.

Court of Appeals of Indiana.

Nov. 30, 1998.

---

Matthew H. Hobbs, Franklin, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

Larry P. Everroad ("Everroad") appeals the 93–year sentence imposed by the trial court following his guilty plea to one count of Child Molesting, as a class B felony, two counts of Child Molesting, as class C felonies, three counts of Sexual Misconduct with a Minor, as class D felonies, and one count of Child Solicitation, a class D felony. The charges were based upon Everroad's molestation and/or sexual misconduct with eleven teen-aged boys in Bartholomew County. We affirm.

### ISSUE

Everroad presents one issue for our review which we restate as whether the trial court erred when it sentenced Everroad.

### DISCUSSION AND DECISION

#### Standard of Review

The determination of a sentence rests with the discretion of the trial court. *Collins v. State*, 676 N.E.2d 741, 744 (Ind.Ct.App.1996). We will not revise or set aside the sentence unless it is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.Appellate Rule 17(B). Because reasonable people will differ as to the appropriate sentence in any given case, we must refrain from merely substituting our opinions for those of the trial court. *Singer v. State*, 674 N.E.2d 11, 13 (Ind.Ct.App.1996).

The trial court's wide discretion extends to determining whether to increase a presumptive sentence, to impose consecutive sentences on multiple convictions, or both. *Id.* When a sentence is enhanced or consecutive sentences are imposed, the trial court must set forth a statement of its reasons for selecting a particular punishment. *Id.* "Specifically, the sentencing statement must contain three elements: '(1) it must identify all of the *significant* mitigating and aggravating circumstances, (2) it must state the specific reason why each circumstance is considered to be mitigating or aggravating, and (3) it must articulate that the court evaluated and balanced the mitigating circumstances to determine if the mitigating circumstances offset the aggravating circumstances.'" *Payne v. State*, 687 N.E.2d 252, 255 (Ind.Ct.App.1997) (quoting *Scheckel v. State*, 655 N.E.2d 506, 509 (Ind.1995)) (emphasis in original). Upon review, this court is not limited to the written sentencing order, but may examine the record as a whole to determine that the trial court made a sufficient sentencing statement. *Singer*, 674 N.E.2d at 14.

#### Mitigating Circumstances

Everroad contends that the trial court erred when, in its sentencing statement, the court failed to find any mitigating circumstances despite substantial evidence to the contrary. Specifically, Everroad argues that the record supports the finding of several mitigating circumstances including: (1) he pled guilty to most of the charges and spared the State and his young victims the burden of going through a trial; (2) he expressed remorse for his conduct; (3) he was himself abused as a child; and (4) he was a productive member of the community.[1]

A trial court is under no obligation to find that a mitigating circumstance exists simply because it is supported by some evidence in the record. *Saylor v. State*, 686 N.E.2d 80, 85 (Ind.1997), *cert. denied*, — U.S. ——, 119 S.Ct. 84, 142 L.Ed.2d 66 (1998). Moreover, the trial court is not obli-

---

1. We give no credence to Everroad's argument that, despite his lengthy criminal history which included several misdemeanor convictions and two felony convictions (one for sodomy and one for burglary), the fact that a few years had passed since his most recent felony conviction should have been considered a mitigating circumstance.

gated to weigh the defendant's evidence of a mitigating circumstance the way the defendant suggests. *Id.* However, the trial court's failure to find mitigating circumstances that are clearly supported by the record may imply that they were overlooked and not properly considered. *Birdsong v. State,* 685 N.E.2d 42, 47 (Ind.1997).

We first address Everroad's decision to plead guilty. During sentencing, the trial court specifically considered Everroad's decision to plead guilty but found that it was entitled to no weight as a substantial mitigating circumstance. In explanation the court concluded that it was Everroad who substantially benefitted from his plea because the State agreed to dismiss six very serious pending charges against Everroad and to reduce the charge on Count One from a class A to a class B felony.

■ We agree with Everroad that under some circumstances a defendant's decision to plead guilty and relieve the State of the burden of going to trial may be considered a factor in mitigation. *See Scheckel v. State,* 655 N.E.2d 506, 511 (Ind.1995). In *Scheckel,* our supreme court concluded that the defendant's decision to plead guilty to murder should have been given mitigating weight due to the fact that, in addition to sparing court resources and demonstrating the defendant's acceptance of responsibility for his crime, the guilty plea at least partially confirmed other mitigating evidence regarding the defendant's character. *Id.* Unlike in *Scheckel,* Everroad's decision to plead guilty does not confirm any other mitigating evidence regarding his character. In fact, Everroad fails to point us to any credible evidence in the record of his positive character traits. The trial court properly declined to give mitigating weight to Everroad's guilty plea.

■ Everroad next argues that he expressed remorse for his actions when he apologized to the victims and their families and, thus, the trial court should have imposed a reduced sentence. Contrary to his statement of remorse during sentencing, the record shows that Everroad repeatedly rebuffed his psychiatrists' advice that, instead of preying on young boys to satisfy his sexual desires, Everroad should seek to engage in consensual homosexual activity with adults. Everroad informed his psychiatrists that he did not want to engage in consensual homosexual activity with adults because adults were intimidating and that he preferred to seek out young males between the ages of ten and fifteen. In light of this evidence, Everroad's expressed remorse was accorded no substantial mitigating weight.

■ Everroad contends that his sentence was entitled to mitigation because he was molested by his father when he was a child. The evidence in the record does not support Everroad's argument. This assertion was mentioned for the first time during the sentencing hearing. The record reflects that, prior to sentencing, Everroad had placed blame for his predatory actions on everything from the divorce of his parents to his psoriasis skin condition. Indeed, Everroad admitted that he had never mentioned his father's sexual abuse prior to sentencing. The trial court properly found that Everroad's new explanation for his actions was entitled to no substantial mitigating weight.

■ Finally, Everroad maintains that his sentence should be reduced because he has been a lifelong member of the Bartholomew County community and has remained gainfully employed throughout his life. During sentencing, Everroad stated that he had molested between 75 and 100 boys during his lifetime. Bartholomew County has clearly suffered more than it has benefitted from Everroad's membership of that community.

■ Based upon the record before us, we cannot say that the trial court erred when it sentenced Everroad. The trial court found, and Everroad does not dispute, the existence of numerous aggravating circumstances. Moreover, the trial court properly concluded that there were no significant mitigating circumstances. Everroad's 93–year sentence is reasonable in light of the nature of Everroad's offenses and his character.

Affirmed.

RUCKER and RILEY, JJ., concur.