Crystal SANQUENETTI, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 61A01–0907–CR–344.

Court of Appeals of Indiana.

Dec. 17, 2009.

Daniel M. Grove, Special Assistant to the Public Defender, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Stephen Tesmer, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary and Issue

Crystal Sanquenetti appeals her four-year sentence following her guilty plea to class C felony nonsupport of a dependent child, arguing that it is inappropriate in light of the nature of the offense and her character. We reverse and remand with instructions to revise her sentence to two years, executed.

### Facts and Procedural History

On February 28, 1994, the trial court entered a child support order against San-

quenetti, ordering her to pay $52 per week for the support of her dependent children, R.F., born December 27, 1984, and L.F., born October 29, 1986. On September 13, 2002, in cause number 61C01–0207–FD–114 ("FD–114"), Sanquenetti pled guilty to two counts of class D felony nonsupport of a dependent. On April 7, 2009, the trial court sentenced her to three years' imprisonment with one and one-half years suspended on each count, to be served consecutively.

On February 2, 2009, prior to her sentencing in FD–114, the State charged Sanquenetti with the offense that is the basis for this appeal: class C felony nonsupport of a dependent child based on her failure to pay support between April 9, 2004, and August 28, 2007, with an arrearage of more than $15,000. On May 26, 2009, Sanquenetti and the State entered into a plea agreement, wherein Sanquenetti pled guilty as charged and left her sentence to the trial court's determination. On June 23, 2009, the trial court sentenced Sanquenetti to four years in the Department of Correction, executed. The trial court ordered this sentence to be served consecutive to the sentences in FD–114. This appeal ensued. Additional facts will be provided as necessary.

### Discussion and Decision

■■■ Sanquenetti asserts that her sentence is inappropriate based on the nature of the offense and her character. Article 7, Section 6 of the Indiana Constitution authorizes this Court to independently review and revise a sentence imposed by the trial court. *Anglemyer v. State,* 868 N.E.2d 482, 491 (Ind.2007), *clarified on reh'g,* 875 N.E.2d 218. Indiana Appellate Rule 7(B) states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Purvis v. State,* 829 N.E.2d 572, 587 (Ind. Ct.App.2005) (internal citations omitted), *trans. denied.*[1] The defendant bears the burden of persuading us that the sentence is inappropriate. *Rutherford v. State,* 866 N.E.2d 867, 873 (Ind.Ct.App.2007).

"[R]egarding the nature of the offense, the advisory sentence is the starting point our legislature has selected as an appropriate sentence for the crime committed." *Anglemyer,* 868 N.E.2d at 494. The advisory sentence for a class C felony is four years, with a fixed term of between two and eight years. Ind.Code § 35–50–2–6. Sanquenetti received the advisory sentence.[2]

There are several considerations that temper our estimation of the seriousness

---

**1.** The State cites *Everroad v. State,* 701 N.E.2d 1284 (Ind.Ct.App.1998), for the proposition that " '[b]ecause reasonable people will differ as to the appropriate sentence in any given case,' this Court will 'refrain from merely substituting [its] opinions for those of the trial court.' " Appellee's Br. at 4 (quoting *Everroad,* 701 N.E.2d at 1286)). Although under Appellate Rule 7(B) we give due consideration to the trial court's sentencing decision and recognize the unique perspective a trial court brings to such determinations, our review is no longer "extremely" deferential, nor must we exercise our authority "with great restraint." *Rutherford v. State,* 866 N.E.2d 867, 873 (Ind.Ct.App.2007).

**2.** The State asserts that due to Sanquenetti's prior class D felony convictions, her sentence is nonsuspendable under Indiana Code Sec-

of Sanquenetti's offense. Sanquenetti was charged with nonsupport of a dependent child under Indiana Code Section 35–46–1–5, which provides,

> A person who knowingly or intentionally fails to provide support to the person's dependent child commits nonsupport of a child, a Class D felony. However, the offense is a Class C felony if the total amount of unpaid support that is due and owing for one (1) or more children is at least fifteen thousand dollars ($15,000).

We recognize that due to Sanquenetti's actions, or rather lack thereof, her children failed to receive the financial resources to which they were entitled, and the burden of supporting the children shifted unfairly to the custodial parent. We cannot emphasize enough the importance of honoring one's responsibility for and commitment to his or her children. Nevertheless, we note that there is no evidence of hardship or sacrifice suffered by the children or the custodial parent or evidence that state support of the children was necessary.

 In addition, we note that nonsupport of a dependent is a class C felony where the amount owed is greater than $15,000. *See* Ind.Code § 35–46–1–5. Sanquenetti's conviction for class C felony nonsupport of a dependent is based on nonpayment of child support from April 9, 2004, to August 28, 2007. Although the State claims that Sanquenetti owes more than $30,000, that amount includes support payments Sanquenetti failed to make *before* April 9, 2004. *See* Appellant's App. at 9, 53. We note that in FD–114, Sanquenetti pled guilty on September 13, 2002, to two counts of class D felony nonsupport of a dependent. Unfortunately, the record before us does not contain sufficient information about FD–114 to determine Sanquenetti's child support arrearage or the period of nonsupport upon which those convictions are based. Nevertheless, we may reasonably infer that Sanquenetti's class D felony convictions were based on *some* portion of the child support arrearage that accrued *before* April 9, 2004.[3] Thus, for some portion of her pre-April 9, 2004, arrearage, Sanquenetti has been charged, convicted, and sentenced, and is currently serving her time. Accordingly, we do not think that justice would be served by considering Sanquenetti's total arrearage in assessing the nature of this offense.[4]

tion 35–50–2–2(b)(2). Appellee's Br. at 6. Indiana Code Section 35–50–2–2(b)(2) provides that "the court *may suspend* only that part of the sentence that is in *excess of the minimum sentence*" where the "crime committed was a Class C felony and less than seven (7) years have elapsed between the date the person was discharged from probation, imprisonment, or parole, whichever is later, for a prior unrelated felony conviction and the date the person committed the Class C felony for which the person is being sentenced." (Emphasis added.) The minimum sentence for a class C felony is two years. Ind.Code § 35–50–2–6. Accordingly, the trial court had authority to suspend two years of Sanquenetti's four-year sentence.

3. As of July 17, 2002, Sanquenetti owed $17,798.77 in child support. Appellant's App. at 9.

4. We note that nonsupport of a dependent child is a continuous act, and where a parent fails to provide child support following an earlier conviction, the parent commits another offense. *Boss v. State,* 702 N.E.2d 782, 784–85 (Ind.Ct.App.1998). However, the Fifth Amendment to the United States Constitution and Article 1, Section 14 of the Indiana Constitution protect individuals from being put in jeopardy twice for the same offense. Accordingly, Sanquenetti cannot be punished again for the amount of nonsupport and time periods of nonsupport upon which her class D felonies are based. In other words, the child

Further, we note that for purposes of Indiana Code Section 35–46–1–5, " '[d]ependent' means: (1) an unemancipated person who is under eighteen (18) years of age; or (2) a person of any age who has a mental or physical disability." Ind.Code § 35–46–1–1.[5] In other words, the failure to pay child support to a child eighteen years of age or older does not constitute a crime under Indiana Code Section 35–46–1–5.[6] This is true even though the duty to support an unemancipated child does not cease until the child becomes twenty-one years of age. *See* Indiana Code § 31–14–11–18. Although a parent remains criminally liable for the child support owed to a child prior to the child's eighteenth birthday even after the child turns eighteen, a parent is not criminally liable under Indiana Code Section 35–46–1–5 for the support that accrues after the child turns eighteen.

■■ Here, on April 9, 2004, when the State charged Sanquenetti in this cause, R.F. was nineteen years old and was no longer a dependent as defined by Indiana Code Section 35–46–1–1. In fact, he ceased being a dependent as defined by Indiana Code Section 35–46–1–1 when he turned eighteen on December 27, 2002. Therefore, Sanquenetti is criminally liable for the child support she owes for R.F.'s support prior to his eighteenth birthday, but is not criminally liable for the child support that she failed to pay after R.F. turned eighteen. The same reasoning applies to Sanquenetti's other child, L.F., who turned eighteen on October 29, 2004.[7] Accordingly, we conclude that the nature of Sanquenetti's offense does not support the advisory sentence.

As to Sanquenetti's character, we note that she pled guilty, which reflects favorably on her character. *See Scheckel v. State*, 655 N.E.2d 506, 511 (Ind.1995) ("[T]he fact that [defendant] pled guilty demonstrates his acceptance of responsibility for the crime."). Although she has two prior convictions for class D felony nonsupport of a dependent child and a 1996 class C felony battery conviction, she pled guilty in each case.[8]

The State emphasizes Sanquenetti's "continued unwillingness to support her

---

support arrearage under the class D felony convictions cannot be added to the subsequent arrearage to achieve the $15,000 needed to elevate nonsupport of a dependent child to a class C felony.

5. There is no indication that either child has a mental or physical disability.

6. This may reflect our legislature's view of the greater importance of providing support to younger children, or it may be an oversight that the legislature may wish to revisit.

7. Thus, at a minimum, the amount of child support due for the years 2005 to 2007 should not be included as a basis for Sanquenetti's criminal liability under Indiana Code Section 35–46–1–5. The arrearage for those years equals $7,644. Appellant's App. at 9. Indeed, we have serious concerns that there is no valid basis for Sanquenetti's class

C felony conviction. We think that there is a reasonable possibility that if the child support arrearage giving rise to her class D felony convictions for nonsupport of a dependent is excluded from the basis of the class C felony conviction, and the $7,644 from the years 2005 to 2007 is also excluded, the remainder of Sanquenetti's child support arrearage is less than $15,000. We observe that when a defendant pleads guilty, he or she is precluded from challenging the factual basis of the guilty plea on direct appeal. *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind.1996). The proper forum for the determination of claims such as the lack of factual basis and other attacks upon the conviction itself is the post-conviction proceeding. *Id.* at 396.

8. The record before us contains no other facts regarding Sanquenetti's battery conviction.

children." Appellee's Br. at 5. We observe that Sanquenetti did not finish high school and does not have a high school degree. In 2009, she worked part time (thirty-three hours a week) at an IGA grocery store earning $6.60 an hour. She was unemployed for five years prior to being hired at IGA. We observe that "[i]t is a defense that the accused person was unable to provide support." Ind.Code § 35–46–1–5(d). Although, Sanquenetti pled guilty and did not raise this defense, the record suggests that her failure to meet her child support obligations was not made in callous disregard of her children's needs. Accordingly, we do not think that her failure to pay child support reflects as poorly on her character as the State argues.

In light of the nature of the offense and Sanquenetti's character, we conclude that her four-year sentence is inappropriate. We exercise our authority to revise her sentence to two years, executed. Therefore, we reverse and remand with instructions for the trial court to revise Sanquenetti's sentence accordingly.

Reversed and remanded.

RILEY, J., concurs.

VAIDIK, J., dissents with separate opinion.

VAIDIK, Judge, dissenting.

I respectfully dissent from the majority's conclusion that Sanquenetti's advisory sentence of four years for Class C felony nonsupport of a dependent is inappropriate. According to the factual basis for Sanquenetti's guilty plea,

between the dates of April 9, 2004 and August 28, 2007 in Parke County, State of Indiana, [Sanquenetti] knowingly or intentionally fail[ed] to provide support for [her] dependent children, [L.S.F.], date of birth October 29, 1986, and [R.J.F.], December 27, 1984, and the amount of the unpaid support that is due and owing is more than 15,000.00.

May 26, 2009, Tr. p. 6. Following the trial court's imposition of the advisory sentence, Sanquenetti did not file a petition for post-conviction relief challenging her guilty plea; rather, she filed a direct appeal challenging her sentence. Nevertheless, the majority appears to be using Sanquenetti's sentencing challenge as a vehicle to correct what it perceives to be an injustice. That is, the majority has "serious concerns that there is no valid basis for Sanquenetti's class C felony conviction." Op. at 1291 n. 7. The majority believes that the amount of child support for the years 2005 through 2007 should not be included as a basis for Sanquenetti's criminal liability under Indiana Code section 35–46–1–5 because that section only imposes criminal liability for children under eighteen years of age, and Sanquenetti's children were eighteen years of age or older during this time frame. The majority opines that without child support from the years 2005 through 2007, the amount owed is not at least $15,000, which is what makes this crime a Class C felony. But this speculation, based on an incomplete record, ignores the clear language of Sanquenetti's factual basis, which provides that the amount of unpaid support due and owing is more than $15,000.

As the majority itself recognizes, when a defendant pleads guilty, she is precluded from challenging the factual basis for the guilty plea on direct appeal. *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind.1996). As such, the correct forum for Sanquenetti to challenge her guilty plea is post-conviction, where a more thorough record can be de-

veloped. Rather, our job in this direct appeal is to review the appropriateness of Sanquenetti's advisory sentence in light of the nature of the offense and her character.

As for the nature of the offense,[9] as the trial court found, there is no evidence that the crime caused or threatened serious harm to anyone. Nonetheless, I believe that this crime per se evidences that hardship or sacrifice was suffered by the children or the custodial parent. Thus, I disagree with the majority's comment that there was no evidence of hardship shown in this case.

As for Sanquenetti's character, as the trial court pointed out, Sanquenetti has a history of criminal activity, including two convictions for Class D felony nonsupport of a dependent and a 1996 conviction for Class C felony battery. Appellant's App.

p. 26. In addition, she "recently violated terms of a pretrial release." June 23, 2009, Tr. p. 5; *see also* Appellant's App. p. 26. Although it is true that Sanquenetti pled guilty to this offense and was working a part-time job in 2009 (though she was unemployed for the previous five years), I believe that these actions pale in comparison to her criminal activities. Therefore, I would find that Sanquenetti's advisory sentence of four years is not inappropriate.

---

9. The majority concludes that although the State claims that Sanquenetti actually owes more than $30,000 in child support, this amount predates April 9, 2004. And because Sanquenetti pled guilty on September 13, 2002, to two counts of Class D felony nonsupport of a dependent, "we may reasonably infer that Sanquenetti's class D felony convictions were based on *some* portion of the child support arrearage that accrued *before* April 9, 2004." Op. p. 1290. The majority continues, "Thus, for some portion of her pre-April 9, 2004 arrearage, Sanquenetti has been

charged, convicted, and sentenced, and is currently serving her time. Accordingly, we do not think that justice would be served by considering Sanquenetti's total arrearage in assessing the nature of this offense." *Id.* at 1290. However, as the majority concedes, the record before us does not contain sufficient information about the cause number involving the Class D felony convictions for nonsupport of a dependent to determine Sanquenetti's child support arrearage or the period of nonsupport upon which those convictions are based.