## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 16 2015, 10:09 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEY FOR APPELLEE |
|---|---|
| Clinton Davis | Gregory F. Zoeller |
| Michigan City, Indiana | Attorney General of Indiana |
| | Richard C. Webster |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Clinton Davis, | April 16, 2015 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 48A02-1408-CR-603 |
| v. | Appeal from the Madison Circuit Court. |
| | The Honorable Rudolph R. Pyle III, Judge. |
| State of Indiana, | Cause No. 48D01-9502-CF-67 |
| *Appellee-Plaintiff* | |

**Baker, Judge.**

[1] Clinton Davis appeals the trial court's denial of his motion to correct sentence. Finding that his claim is barred by the doctrine of res judicata, we affirm.

# Facts

[2] On February 22, 1995, Davis, armed with a handgun, entered a church in Anderson where his wife was attending services. He fired the gun twice, once towards the ceiling and once towards his wife, missing her. Davis then fled the church and hid in an abandoned building. When two police officers arrived and approached the building, Davis fled once more. As the officers chased Davis through backyards and over fences, Davis fired two shots at the officers, missing both times.

[3] On August 22, 1996, a jury found Davis guilty of three counts of class A felony attempted murder, two counts of class D felony resisting law enforcement, and one count of class D felony criminal recklessness. The trial court sentenced Davis to two consecutive terms of forty years for two of his attempted murder convictions. All other terms were ordered to be served concurrent with these terms, resulting in a total sentence of eighty years.

[4] Davis appealed and this Court affirmed in a memorandum decision. *Davis v. State*, No. 48A02-9703-CR-179 (Ind. Ct. App. Feb. 26, 1998). Our Supreme Court denied transfer. Davis then petitioned for post-conviction relief, arguing that his convictions arose out of a single episode of criminal conduct and that his sentence should therefore have been limited according to Indiana Code section 35-50-1-2 as it existed at the time of his offense. The post-conviction

court determined that Davis's actions did not constitute a single episode of criminal conduct and this Court affirmed that ruling on appeal. *Davis. v. State*, No. 48A02-0402-PC-191 (Ind. Ct. App. Sept. 17, 2004). Our Supreme Court again denied transfer.

[5] Davis then filed a series of motions to correct sentence. Between 2007 and 2011, Davis filed four such motions, all of which were denied by the trial court. All of these denials were affirmed on appeal. *Davis v. State*, No. 48A05-1110-CR-547, 2012 WL 1655162, at *1-2 (Ind. Ct. App. May 9, 2012).

[6] Davis filed a new motion to correct sentence in the trial court on June 9, 2014. The trial court denied this motion on July 28, 2014. Davis then filed a reply to the State's response to his motion to correct sentence. The trial court treated this as a motion to reconsider and denied the motion on August 15, 2014. Davis now appeals the denial of his fifth motion to correct sentence.[1]

## Discussion and Decision

[7] We find that Davis's claim is barred by the doctrine of res judicata. "The doctrine of res judicata prevents the repetitious litigation of that which is essentially the same dispute." *Holmes v. State*, 728 N.E.2d 164, 168 (Ind. 2000). In *Holmes*, our Supreme Court held that "when this Court decides an issue on

---

[1] In this case, Davis has filed a motion to transfer the transcripts and appendices from his direct appeal, *Davis v. State*, No. 48A02-9703-CR-179, to this Court to be included in the record of this appeal. Accordingly, we have taken these records into consideration.

direct appeal, the doctrine of res judicata applies, thereby precluding its review in post-conviction proceedings." *Id.* Likewise, the doctrine applies here to preclude Davis from re-litigating an issue that was decided by this Court during post-conviction proceedings in 2004.

[8] Here, Davis again argues that his consecutive sentences are improper because his convictions arose out of a single episode of criminal conduct. Indiana Code section 35-50-1-2 provides:

> [E]xcept for crimes of violence,[2] the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Consequently, Davis maintains that his sentence should not exceed the advisory sentence for murder—one class higher than attempted murder—as it existed at the time he committed the offenses.

[9] However, this Court rejected precisely this argument over ten years ago. On appeal from the denial of post-conviction relief, we found that Davis's three attempted murder convictions did not arise out of a single episode of criminal

---

[2] This clause was added in 1995 and applies to crimes committed after June 30, 1995. At the time of Davis's offense, this statute was not so limited, so Davis's convictions for attempted murder fall within the sentencing limitation. *Davis*, 48A02-0402-PC-191, slip op. at *5 n. 1.

conduct. *Davis v. State*, No. 48A02-0402-PC-191, slip op. at *9 (Ind. Ct. App. Sept. 17, 2004). The Court noted:

> [T]here are two distinct episodes: the initial confrontation with his wife inside the church, and the subsequent confrontation with police following a chase. The attempted murder of [his wife] and the attempted murders of the police officers are "sufficiently unrelated and may each be described independently without referring to the specific details of the other."

*Id.* (quoting *Newman v. State*, 690 N.E.2d 735, 737 (Ind. Ct. App. 1998)).

Consequently, Davis's claim is barred by the doctrine of res judicata.

[10] The judgment of the trial court is affirmed.

Najam, J., and Friedlander, J., concur.