## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 30 2015, 10:21 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Leanna Weissmann<br>Lawrenceburg, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
|  | Karl M. Scharnberg<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donald Probst,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 30, 2015<br><br>Court of Appeals Case No.<br>15A04-1412-CR-586<br><br>Appeal from the Dearborn Superior Court.<br><br>The Honorable Jon Cleary, Judge.<br><br>Cause No. 15D01-1411-FD-470 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Donald Probst (Probst), appeals his sentence following his conviction for nonsupport of a dependent child, a Class D felony, Ind. Code § 35-46-1-5(a) (2013).

We affirm.

# ISSUE

Probst raises one issue on appeal, which we restate as follows: Whether Probst's sentence is inappropriate in light of the nature of the offense and his character.

# FACTS AND PROCEDURAL HISTORY

Probst is the biological father of a minor son. His paternity was established on January 5, 2009, at which time an order for child support was entered. Pursuant to the child support order, Probst was required to pay $38.00 per week for the care and support of his child, retroactive to October 14, 2008.

By October 30, 2009, Probst had accumulated a child support arrearage of $1,937.06 and was found to be in contempt of court on November 18, 2009. Despite the order of contempt, Probst was consistently derelict in his duty to pay for the next five years. Since the child support order was entered, Probst has paid a total of only $273.24, resulting in an arrearage of $11,581.82 as of October 31, 2014.

[6] On November 18, 2014, the State filed an Information, charging Probst with one Count of nonsupport of a dependent child as a Class D felony.[1] On December 1, 2014, Probst pled guilty to the charged offense. Immediately thereafter, the trial court conducted a sentencing hearing and ordered Probst to serve 545 days, fully executed in the Indiana Department of Correction.

[7] Probst now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Probst claims that his sentence is inappropriate. At the outset, we note that the trial court imposed the advisory sentence for a Class D felony of one and one-half years. I.C. § 35-50-2-7(a) (2013). Even where a trial court orders a statutorily permissible sentence, our court may nevertheless revise the sentence if "after due consideration of the trial court's decision," we find that it "is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Probst now requests that we revise his sentence to the minimum term for a Class D felony of six months. *See* I.C. § 35-50-2-7(a) (2013).

---

[1] Effective July 1, 2014, Indiana Code section 35-46-1-5 was amended such that nonsupport of a dependent child is now a Level 6 felony. For a crime committed after June 30, 2014, a Level 6 felony is punishable by a term of six months to two and one-half years, with the advisory sentence being one year. I.C. § 35-50-2-7(b) (2014). "However, the offense is a Level 5 felony "if the person has a previous conviction under this section." I.C. § 35-46-1-5(a) (2014). A Level 5 felony is punishable by a term of one to six years, with the advisory sentence being three years. I.C. § 35-50-2-6(b) (2014). In the present case, the charged offense represents Probst's third conviction for nonsupport of a dependent child. Even though Probst committed a portion of his crime and was charged after the enactment of the revised criminal code, he was charged under the prior version of Indiana Code section 35-46-1-5 with a Class D—rather than Level 5—felony.

[9] With respect to Indiana Appellate Rule 7(B), appellate courts are endowed with significant discretion to revise a sentence; however, "it does not detract from the long-recognized principle that 'sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference.'" *Parks v. State*, 22 N.E.3d 552, 555 (Ind. 2014) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008)). Although "'reasonable minds may differ' on the appropriateness of a sentence[,]" our determination of whether a sentence is appropriate will inexorably turn "on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* (quoting *Buchanan v. State*, 767 N.E.2d 967, 970 (Ind. 2002)); *Cardwell*, 895 N.E.2d at 1224. "Ultimately the length of the aggregate sentence and how it is to be served are the issues that matter." *Cardwell*, 895 N.E.2d at 1224. As our supreme court has stated, "The principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Probst bears the burden of persuading our court that his sentence is inappropriate. *Sanquenetti v. State*, 917 N.E.2d 1287, 1289 (Ind. Ct. App. 2009).

[10] Here, the nature of the offense is that Probst failed to pay $38.00 per week to support his dependent child for a period of six years. Between 2008 and 2014, Probst paid only $273.24 in 2010. No payments were made in any other year, resulting in a total arrearage of $11,581.82. No evidence was presented to

specifically demonstrate that the child endured hardship or sacrifice as a result of Probst's non-payment, or that the custodial parent was forced to seek governmental assistance to support the child. *See id.* at 1290. Nevertheless, $11,581.82 is a substantial arrearage, and this court has previously recognized that when one parent fails to provide necessary financial resources for his or her child, the burden "unfairly" shifts to the custodial parent. *Id.* "We cannot emphasize enough the importance of honoring one's responsibility for and commitment to his or her children." *Id.*

[11] During the sentencing hearing, Probst explained that he "just got out nine months ago [from] prison. I've been locked up for four years prison time already. I get out. I try looking for a job, can't find one because of my drug charge. Then I just had surgery done to my shoulder." (Tr. p. 3). Because Probst pled guilty, he concedes that he cannot "now argue lack of ability to pay to avoid criminal liability." (Appellant's Br. p. 5). *See* I.C. § 35-46-1-5(d) (2013) ("It is a defense that the accused person was unable to provide support."). Nonetheless, he contends that "his financial struggles should be considered in determining the nature of this crime" because "[t]his is not a situation where a father, uncaring for his responsibility, lavishly spent money on himself while leaving his child in squalor." (Appellant's Br. p. 5). Rather, according to Probst, he "was in a position which made it financially infeasible for him to support his child." (Appellant's Br. p. 5). We disagree. As the trial court noted, even during the years where Probst was not incarcerated, he failed to contribute a single cent toward his support obligation.

[12] As to the character of the offender, Probst has a lengthy criminal history. Although no pre-sentence investigation report was filed, the trial court found it to be an aggravating circumstance that Probst has prior convictions for burglary; battery; possession of burglary tools and receiving stolen property (in Kentucky); forgery (in Ohio); theft; resisting law enforcement; criminal trespass; criminal mischief; false reporting; public intoxication; and dealing in a Schedule I, II, or III controlled substance. Probst also has two prior probation violations and stated that he was on probation at the time of the instant offense. Most notably, Probst has been convicted of nonsupport of his other dependent child(ren) on two occasions previous to the instant offense.

[13] On the other hand, the trial court accorded "significant weight [to] the fact that" Probst pled guilty to the current conviction at the initial hearing without the benefit of a plea agreement. (Tr. p. 9). Although his acceptance of responsibility in the present case speaks favorably of Probst's character, the remaining evidence overwhelmingly demonstrates Probst's habitual disregard for the law and authority of the court. Furthermore, at the sentencing hearing, Probst indicated that he was surprised by the arrest warrant because he "[d]idn't even know that anything was going on" and believed he was in compliance with the terms of his probation. (Tr. p. 3). The fact that it did not even occur to Probst that he was being held accountable for neglecting his parental obligation for six years—even though he previously has been held in contempt for the same issue—evidences his utter lack of respect for the trial court's support order and his indifference to the needs of his child. Accordingly, we conclude that

Probst has failed to satisfy his burden to demonstrate that the advisory sentence is inappropriate.

## CONCLUSION

Based on the foregoing, we conclude that Probst's sentence is not inappropriate in light of the nature of the offense and his character.

Affirmed.

Bailey, J. and Barnes, J. concur