# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 17 2020, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

John Jay Lacey
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Jay Lacey,<br>*Appellant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee*. | August 17, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2715<br><br>Appeal from the Boone County<br>Superior Court<br><br>The Honorable Matthew C.<br>Kincaid, Judge<br><br>Trial Court Cause No.<br>06D01-1606-F3-149 |

**Brown, Judge.**

[1] John Jay Lacey, *pro se*, appeals the trial court's denial of his motion to vacate a plea agreement. We reverse and remand.

*Facts and Procedural History*

[2] On June 22, 2016, the State charged Lacey with aggravated battery as a level 3 felony. The State later alleged he was an habitual offender. On November 18, 2016, the State and Lacey entered into a plea agreement in which Lacey agreed to plead guilty as charged and the State agreed not to file any additional charges arising out of "the fact situation on which these charges are based." Appellant's Appendix Volume II at 36. The plea agreement provided for an open sentence but limited the habitual offender enhancement to fourteen years.

[3] On February 15, 2017, the court accepted the plea and sentenced Lacey to fifteen years for aggravated battery and enhanced the sentence by thirteen years for an aggregate sentence of twenty-eight years. On August 13, 2018, Lacey filed a Motion to Correct Erroneous Sentence asserting in part that the two previous crimes in the State of Florida were insufficient to support the habitual offender enhancement. On September 9, 2018, the court denied Lacey's motion.

[4] On appeal, this Court held there was insufficient evidence to support the thirteen-year habitual offender enhancement, reversed the judgment of the trial court on the habitual offender finding, and remanded to the trial court for resentencing. *Lacey v. State*, 124 N.E.3d 1253, 1257 (Ind. Ct. App. 2019). On July 17, 2019, the trial court held a sentencing hearing and entered a

resentencing order which vacated its earlier finding that Lacey was an habitual offender and sentence enhancement of thirteen years and ordered that the executed sentence of fifteen years for aggravated battery as a level 3 felony would remain.

On September 11, 2019, Lacey filed a *pro se* Motion to Vacate Conviction, which asserted "[c]urrently, there exists no plea agreement governing Count I: Aggravated Battery . . . ." Appellant's Appendix Volume II at 151. On September 17, 2019, the court denied the motion.

On September 25, 2019, Lacey filed a Motion to Vacate Plea Agreement asserting that the habitual offender allegation was the determining factor and benefit in signing the plea agreement, he was not advised by counsel that the habitual offender enhancement was erroneous, and he was no longer receiving the benefit of the sentence cap on the habitual offender enhancement. On October 23, 2019, the court denied Lacey's motion.

## *Discussion*

Before addressing Lacey's argument, we observe that although he is proceeding *pro se*, such litigants are held to the same standards as trained attorneys and are afforded no inherent leniency simply by virtue of being self-represented. *See Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). Lacey argues that his plea is not constitutionally valid, he received ineffective assistance of trial counsel, his due process rights were violated by the court's failure to inform him of his lack of eligibility for the habitual offender allegation, the State erred in filing the

habitual offender enhancement, the plea agreement is void and improper under Federal Criminal Procedure Rule 11(a)(2), and he is wrongfully incarcerated as a result of the partially vacated plea agreement. He requests that this Court vacate the plea agreement and conviction. The State asserts that we should remand this cause for proceedings under the Indiana Rules of Post-Conviction Remedies. In reply, Lacey argues that "Appellees [sic] should be denied their request for remand to proceed in accordance with I.C. 35-35-1-4(c) due to the trial court's procedural errors and statutory violations which are clear and blatant violations of the Appellant's due process rights." Appellant's Reply Brief at 12.

[8] Ind. Code § 35-35-1-4(c) provides:

> *After being sentenced following a plea of guilty*, or guilty but mentally ill at the time of the crime, the convicted person may not as a matter of right withdraw the plea. However, upon motion of the convicted person, the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice. *A motion to vacate judgment and withdraw the plea made under this subsection shall be treated by the court as a petition for postconviction relief under the Indiana Rules of Procedure for Postconviction Remedies.* For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:
>
> > (1) the convicted person was denied the effective assistance of counsel;
> >
> > (2) the plea was not entered or ratified by the convicted person;
> >
> > (3) the plea was not knowingly and voluntarily made;

(4) the prosecuting attorney failed to abide by the terms of a plea agreement; or

(5) the plea and judgment of conviction are void or voidable for any other reason.

The motion to vacate the judgment and withdraw the plea need not allege, and it need not be proved, that the convicted person is innocent of the crime charged or that he has a valid defense.

(Emphases added).

The record reveals that Lacey filed both his September 11, 2019 Motion to Vacate Conviction and his September 25, 2019 Motion to Vacate Plea Agreement more than two years after the trial court's February 15, 2017 sentencing order and more than one month after the court's July 17, 2019 resentencing order. Thus, the trial court was required to treat Lacey's motions challenging the judgment and plea as a petition for post-conviction relief pursuant to Ind. Code § 35-35-1-4(c).

Ind. Post-Conviction Rule 1(5) provides:

The petition shall be heard without a jury. A record of the proceedings shall be made and preserved. All rules and statutes applicable in civil proceedings including pre-trial and discovery procedures are available to the parties, except as provided above in Section 4(b). The court may receive affidavits, depositions, oral testimony, or other evidence and may at its discretion order the applicant brought before it for the hearing. The petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence.

[11]   Ind. Post-Conviction Rule 1(4)(g) provides:

> The court may grant a motion by either party for summary
> disposition of the petition when it appears from the pleadings,
> depositions, answers to interrogatories, admissions, stipulations
> of fact, and any affidavits submitted, that there is no genuine
> issue of material fact and the moving party is entitled to
> judgment as a matter of law.  The court may ask for oral
> argument on the legal issue raised.  If an issue of material fact is
> raised, then the court shall hold an evidentiary hearing as soon as
> reasonably possible.

[12]   Ind. Post-Conviction Rule 1(6) provides that "[t]he court shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held."

[13]   Based upon the record, we cannot say that the trial court treated Lacey's motion to vacate judgment and withdraw the plea as a petition for post-conviction relief.  The court did not set the matter for hearing, and neither party moved for summary disposition of the petition.  The record includes only a summary entry denying Lacey's motion, and no findings of fact or conclusions of law were entered.  In light of Ind. Code § 35-35-1-4(c), we remand for the trial court to treat Lacey's motion as a petition for post-conviction relief.  *See generally State v. Oney*, 993 N.E.2d 157, 166 (Ind. 2013) (observing "the Legislature's specific directive that[] 'a motion to vacate judgment and withdraw the plea made under this subsection *shall be treated* by the court as a petition for postconviction relief,'") (quoting Ind. Code § 33-35-1-4(c)) (emphasis added in *Oney*); *Hayes v. State*, 906 N.E.2d 819, 821 n.1 (Ind. 2009)

(holding that "[t]he proper avenue for challenging one's conviction pursuant to a guilty plea is through filing a petition for post-conviction relief and presenting evidence at a post-conviction proceeding") (quoting *Tumulty v. State*, 666 N.E.2d 394, 395-396 (Ind. 1996)); *Collins v. State*, 676 N.E.2d 741, 743 (Ind. Ct. App. 1996) (holding that "[i]t is basic to and idiosyncratic in Indiana law that error premised upon a guilty plea must be brought by a petition for post-conviction relief under Ind. Rules of Procedure, Post-Conviction Rule 1").

[14] For the foregoing reasons, we reverse and remand.

[15] Reversed and remanded.

Robb, J., and Crone, J., concur.