Kevin D. BOSS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A05–9803–CR–173.

Court of Appeals of Indiana.

Dec. 11, 1998.

Marcel Katz, Law Offices of Marcel Katz, Lafayette, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

KIRSCH, Judge.

Kevin D. Boss appeals his convictions for three counts of nonsupport of a dependent child,[1] a Class D felony. Boss raises several issues which we restate as:

I. Whether IC 35–46–1–5 is unconstitutional because it is vague, ambiguous, and improperly delegates legislative powers to the prosecutor.

II. I. Whether the convictions violate Boss' protection against double jeopardy because he has previously been convicted for nonsupport of the same children.

III. Whether the charging of three separate offenses was arbitrary and capricious.

IV. Whether Boss was denied effective assistance of trial counsel.

We affirm in part, reverse in part, and remand.

### FACTS AND PROCEDURAL HISTORY

In 1986, pursuant to a dissolution decree, Boss was ordered to pay seventy-five dollars per week through the Clerk of Tippecanoe County as support for his three minor children: K.B., born December 20, 1977; J.B., born July 8, 1979; and S.B., born March 16, 1984. In 1993, Boss pled guilty to two counts of nonsupport of a dependent child under IC 35–46–1–5. Both counts involved these three children: Count I covered the period from January 1, 1991 through December 31, 1991; Count II covered the period from January 1, 1992 through December 31, 1992. Boss re-

---

1. *See* IC 35–46–1–5.

ceived a two-year suspended sentence, part of which was subsequently executed because he violated the terms of his probation by his failure to pay child support.

On November 25, 1996, Boss was charged with three counts of nonsupport, again under IC 35-46-1-5, for failure to support these same children during three different time periods: May 1, 1995 to December 19, 1995; December 20, 1996 to June 30, 1996; and July 1, 1996 to November 10, 1996.

Boss failed to appear at trial or sentencing and was tried by jury, convicted on all three counts, and sentenced in absentia to three consecutive three-year sentences for a total of nine years, six years executed and three years probation with the first year to be served on house arrest.

## DISCUSSION AND DECISION

### I. Constitutionality of the Statute

IC 35-4-1-5 provides:

"(a) A person who knowingly or intentionally fails to provide support to the person's dependent child commits nonsupport of a child, a Class D felony."

■ Boss contends that this statute is overly vague because it fails to proscribe a time frame, define how many crimes can be charged within a given period of time, or set a minimum dollar amount. Thus, Boss contends, the statute is an improper delegation of legislative powers to each county prosecutor who may determine the time frame for which support must have been withheld, the amount of arrearage which constitutes nonsupport, and how many crimes may be charged within a given time frame.

■ In construing a statute, our objective is to determine and give effect to legislative intent. *Million v. State*, 646 N.E.2d 998, 1001 (Ind.Ct.App.1995). Because the statute here imposes criminal penalties, the State may only prevail if the plain language of the statute is clear. *State v. Moore*, 688 N.E.2d 917, 918 (Ind.Ct.App.1997). Ambiguities must be resolved in favor of the criminal defendant. *Id.*

■ The prosecutor has broad discretion in determining what crimes to prosecute and what penalties to seek. *Conner v. State*, 580 N.E.2d 214, 218 (Ind.1991), *cert. denied*, 503 U.S. 946, 112 S.Ct. 1501, 117 L.Ed.2d 640 (1992). The legislature's continued placement of such discretion with the prosecutor does not render the statute unconstitutional. *Id.* (death penalty statute is not rendered unconstitutional because prosecutor has discretion to decide when to request such penalty).

■ A statute will not be found unconstitutionally vague if individuals of ordinary intelligence would comprehend it to adequately inform them of the prohibited conduct. *Mallory v. State*, 563 N.E.2d 640, 644 (Ind.Ct.App.1990), *trans. denied* (1991). Furthermore, the statute need only inform the individual of the generally prohibited conduct. *Id.* A statute is void for vagueness only if it is vague as applied to the precise circumstances of a case, and the fact that the legislature could have provided clearer or more precise language does not render the statute necessarily vague. *Id.* If a statute can be construed to support its constitutionality, such construction must be adopted. *State v. Land*, 688 N.E.2d 1307, 1311 (Ind.Ct.App.1997), *trans. denied*. Here, the statute clearly informed Boss that criminal penalties could attach to his failure to support his children. This statute is not unconstitutionally vague.

### II. Double Jeopardy

#### A. Second Prosecution Following Prior Conviction

■ Boss next contends that his protections against double jeopardy were violated because his nonsupport is a continuous act and, therefore, the instant prosecution is unconstitutional because he has previously been convicted under the same statute for failure to support these same children in 1991 and 1992.

■ The duty to support one's child is a continuous one. A parent who fails to support a child commits a continuing crime. *Shuttleworth v. State*, 469 N.E.2d 1210, 1214 (Ind.Ct.App.1984). If a parent could not be

prosecuted more than once under this statute, a parent who was prosecuted while his child was still young could fail or refuse to support a child without risk of further criminal penalties. Our legislature's intent was to impose criminal sentences for the avoidance of the duty to support a child. Where a parent fails to provide support following an earlier conviction, the parent commits another offense. Clearly, Boss can be prosecuted again under the same statute because the previous prosecution was for a specified period of time in the past which does not overlap the periods of time here at issue.

### B. Multiple Punishments for the Same Offense

■■■ Boss also contends that, as to the instant charges, his nonsupport of these three children is one ongoing and continuous act which can be terminated only by providing support and, therefore, the consecutive sentences which resulted from three separate charges and convictions constitute multiple punishments for the same offense. Boss argues that nonsupport is similar to cohabitation which is a continuous act and which can only be concluded by ending the act; i.e., nonsupport is one continuous act which can be concluded only by providing support.

The intention of the legislature to attach criminal penalties to a parent's failure to support a dependent child is clear. *Moore,* 688 N.E.2d at 918. Since the statute contains no time frame or dollar amount, the prosecutor has discretion in deciding when to charge. *See Conner,* 580 N.E.2d at 218. The question then becomes whether the specific charging in this case constitutes an abuse of that discretion. Here, the first time frame is somewhat logical because his oldest child turned eighteen on December 20, 1995.

However, dividing the next time period is, by the prosecutor's own admission, arbitrary although the prosecutor stated that he treats all cases the same.[2]

■■■ In *Ex parte Snow,* 120 U.S. 274, 281, 286, 7 S.Ct. 556, 559, 30 L.Ed. 658 (1887), three indictments were brought against Snow for unlawful cohabitation, alike in all respects, except that each covered a different period of time and all the time periods were contiguous. The Supreme Court held that there was but one offense between the earliest date in any indictment and the latest date in any indictment and, therefore, only one sentence could be imposed. *Snow,* 120 U.S. 274, 7 S.Ct. at 560–61. Any division based solely on time frames is arbitrary. *Id. See also Blockburger v. United States,* 284 U.S. 299, 300, 52 S.Ct. 180, 181, 76 L.Ed. 306 (1932). For continuing offenses the State can not arbitrarily divide the offenses into separate time periods in order to multiply the penalties. *See Haggard v. State,* 445 N.E.2d 969, 972–73 (Ind. 1983) (defendant could be charged with only one count of confinement even though victim was confined in more than one county). The length of time and the amount of the arrearage go to the severity of the crime and the length of the sentence and not to how many crimes may have been committed. *See Dupin v. State,* 524 N.E.2d 329, 333 (Ind.Ct. App.1988) (Defendant is not chargeable with a greater number of offenses simply because the injuries proximately cased by a single offense are greater; the number and severity of injuries proximately caused by an offense may be considered in sentencing.). Here, Boss could be convicted and sentenced for only one crime.[3] We, therefore, remand with instructions for the trial court to vacate two

---

**2.** Boss' prior non-support convictions illustrate the arbitrariness of the time divisions. In 1993, the total period of non-support was divided into two one-year segments. Here, the prosecutor divided a shorter total time period (eighteen months and nine days) into three segments and three counts.

**3.** No issue is presented here as to whether Boss could have been charged, convicted, and sentenced separately for the nonsupport of each of his three children, and we express no opinion on

such issue. *See Moore,* 688 N.E.2d at 918 (father could not be charged with a Class C felony because statute's language of "nonsupport of a child" does not permit State to aggregate amounts owed for more than one child in order to reach the amount of $10,000.00 required to elevate the crime to a Class C felony). Furthermore, we do not address whether Boss could have been charged, convicted, and sentenced for separate crimes if the periods of time had been separated by periods of support.

of the convictions and resentence Boss accordingly.[4]

### III. Effective Assistance of Trial Counsel

Boss contends that he was denied effective assistance of trial counsel because counsel made disparaging remarks at the sentencing hearing about Boss' character, ability and likelihood to follow house-arrest rules, and informed the trial court that Boss had additional children he was purportedly not supporting.

To warrant reversal on a claim of ineffective assistance of trial counsel, Boss must show that his counsel's performance was deficient. *See Davenport v. State*, 689 N.E.2d 1226, 1231 (Ind.1997). Boss must also show that such deficient performance so prejudiced him that he was deprived of a fair and reliable trial. *Id.* Isolated poor strategy, inexperience, or bad tactics do not necessarily result in ineffective assistance of counsel. *Mitchell v. State*, 690 N.E.2d 1200, 1207 (Ind. Ct.App.1998).

In sentencing, the court must identify all significant aggravating and mitigating factors. *Wilcox v. State*, 664 N.E.2d 379, 383 (Ind.Ct.App.1996). Here, the trial court cited several aggravating factors including Boss's adult history which included convictions for operating a vehicle while intoxicated, reckless driving, invasion of privacy, the prior nonsupport convictions, and an outstanding warrant relating to a hit-and-run felony in another state. The court also noted that Boss had absented himself from this trial and sentencing, had failed to appear for several unrelated hearings, had previously suspended sentences revoked for failure to comply with the conditions of his probation, and had apparently left the jurisdiction. Not only do these factors warrant the maximum sentence, they show the difficult position in which counsel was placed as a result of Boss's actions. Although admitting that one's client is as bad as portrayed may not

always be the best strategic decision, there were few, if any, good strategies available. Counsel argued against imprisonment because of the expense to the community and because Boss could not support his children if he was incarcerated. Counsel's other statements were essentially a reiteration of information already before the court. In listing the aggravating factors, the court did not cite or rely upon counsel's statement. Boss has failed to show that counsel's comments affected the severity of his sentence and has failed to demonstrate ineffective assistance of trial counsel.

Affirmed in part, reversed in part, and remanded with instructions.

FRIEDLANDER and MATTINGLY, JJ., concur.

4. Boss also asserts that the trial court's sentencing order violates IC 35–50–1–2 which limits the total sentence for acts arising out of a single episode of criminal conduct to the presumptive sentence for a felony one class higher, here, four

years. Because we order changes to the judgement and sentence which would make the sentence less than four years, we need not address this issue.