**Gary L. COOPER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A02–0104–CR–229.**

Court of Appeals of Indiana.

Dec. 31, 2001.

---

**3.** American Cancer Society guidelines for the early detection of cancer. CA Cancer J Clin. 2000 Jan–Feb; 50(1):34–49.

Thomas G. Godfrey, Godfrey & Clase, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Gary L. Cooper appeals his conviction for Nonsupport of a Dependent Child, as a Class C felony, following a jury trial. He presents three issues for our review, which we restate as:

1. Whether Indiana Code Section 35–46–1–5 is unconstitutionally vague.

2. Whether he could assert his prior incarcerations as an affirmative defense to his inability to pay.

3. Whether the burden of establishing the affirmative defense of inability to pay violates his constitutional right to due process.

4. Whether there was sufficient evidence to support his conviction.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On January 29, 1989, J.C. was born out-of-wedlock to Peggy Lockridge. Through a paternity suit, Cooper was established as J.C.'s father. In 1991, the trial court ordered Cooper to pay twenty dollars per week through the Clerk of Madison County for support, and ten dollars per week in arrears. From 1989 through 2001, Cooper was incarcerated three times, for a total of approximately seven years and four weeks. On February 1, 2001, the State charged Cooper with nonsupport of a dependent child, as a class C felony, covering the period of time between October 1989 and

July 2000.[1] At trial, the jury found Cooper guilty as charged and sentenced him to a total of eight years, with five years executed and three years' probation.

## DISCUSSION AND DECISION

### Issue One: Constitutionality of the Statute

■ Cooper contends that Indiana Code Section 35–46–1–5, which criminalizes non-support of a dependent child, is unconstitutionally vague because it does not specify at what point the failure to provide support becomes a crime. We cannot agree.

■ Cooper did not raise this issue to the trial court. However, a party may raise the constitutionality of a statute at any stage of the proceeding, and this court may even raise the issue sua sponte. *Morse v. State*, 593 N.E.2d 194, 197 (Ind. 1992). Our usual standard of review for the interpretation of statutes is de novo. *Parkview Hosp., Inc. v. Roese*, 750 N.E.2d 384, 386 (Ind.Ct.App.2001). When a statute is challenged as an alleged violation of the Indiana Constitution, our standard of review is well established. *Eukers v. State*, 728 N.E.2d 219, 221 (Ind.Ct.App. 2000). Every statute stands before us clothed with the presumption of constitutionality until clearly overcome by a contrary showing. *Id.* The party challenging the constitutionality of the statute bears the burden of proof, and we resolve all doubts against that party. *Id.* If there are two reasonable interpretations of a statute, one of which is constitutional and the other not, we will choose that path which permits upholding the statute because we will not presume that the legislature violated the constitution unless such is required by the unambiguous language of the statute. *Id.*

Indiana Code Section 35–46–1–5 provides that a person who knowingly or intentionally fails to provide support to the person's dependent child commits a Class D felony. The offense is a Class C felony if the amount of unpaid support that is due and owing is at least $10,000. *See* Ind. Code § 35–46–1–5(a). This court has previously addressed the vagueness issue with respect to Indiana Code Section 35–46–1–5. In *Boss v. State*, 702 N.E.2d 782, 784 (Ind.Ct.App.1998), the defendant argued that Indiana Code Section 35–46–1–5 was overly vague, resulting in an improper delegation of legislative powers to prosecutors because it failed to establish a time frame for which support must have been withheld, the amount of arrearage which constitutes support, and how many crimes may be charged within a given time frame. *See id.* We found that the statute was *not* unconstitutionally vague, and we held:

> The prosecutor has broad discretion in determining what crimes to prosecute and what penalties to seek. The legislature's continued placement of such discretion with the prosecutor does not render the statute unconstitutional.
>
> A statute will not be found unconstitutionally vague if individuals of ordinary intelligence would comprehend it to adequately inform them of the prohibited conduct. Furthermore, the statute need only inform the individual of the generally prohibited conduct. A statute is void for vagueness only if it is vague as applied to the precise circumstances of a case, and the fact that the legislature could have provided clearer or more precise language does not render the statute necessarily vague. If a statute can be construed to support its constitutionality, such construction must be adopted.

---

1. The State also charged Cooper with being an Habitual Offender. However, at trial, that count was dismissed with prejudice.

Here, the statute clearly informed Boss that criminal penalties could attach to his failure to support his children. This statute is not unconstitutionally vague. *Id.* (citations omitted).

Cooper argues that this statute "gives prosecuting attorneys throughout the state of Indiana no guidance of when they should or should not proceed to criminal prosecution." Brief of Appellant at 14. Cooper maintains that, to prevent arbitrary and discriminatory enforcement, the statute should "indicate where the line is drawn" between trivial and substantial infractions. Brief of Appellant at 13. However, we find no distinction between Cooper's contention and the defendant's contention in *Boss*. Indiana Code Section 35–46–1–5 unambiguously informs Cooper that criminal penalties could attach to his failure to support his children, and prosecutors have broad discretion in seeking those penalties. *See id.* This statute is not unconstitutionally vague.

### Issue Two: Arrearage Accrued

■ Cooper next contends that his conviction should be set aside because he was unable to pay about $8,000 in support during his periods of incarceration. Cooper asserts that only $3,700 to $3,800 of support arrearage accrued during the periods of time he was *not* incarcerated. Thus, he argues, he could not be convicted of a Class C felony because the amount of support due and owing did not exceed $10,000.[2] The State responds that Cooper was charged with the offense of a *present* failure to pay support which was properly enhanced by the fact that his arrearage exceeds $10,000. We agree with the State.

■ Indiana Code Section 35–46–1–5(d) provides that inability to pay child support is a defense to the crime of nonsupport of a dependent child. The defendant bears the burden of proving this defense. *Blatchford v. State*, 673 N.E.2d 781, 783 (Ind.Ct.App.1996). When a party appeals from a negative judgment, he must demonstrate that the evidence points unerringly to a conclusion different from that reached by the trial court. *Mominee v. King*, 629 N.E.2d 1280, 1282 (Ind.Ct.App. 1994). We will reverse a negative judgment only if the decision of the trial court is contrary to law. *Id.* In determining whether a trial court's decision is contrary to law, we must determine if the undisputed evidence and all reasonable inferences to be drawn therefrom lead to but one conclusion and the trial court has reached a different one. *Id.*

In *State v. Land*, 688 N.E.2d 1307, 1311 (Ind.Ct.App.1997), *trans. denied*, we clarified the elements of Class C felony nonsupport of a dependant child pursuant to Indiana Code Section 35–46–1–5(a). In *Land*, the defendant was charged with nonsupport of a dependant child, as a Class C felony, for a time period beginning on July 1, 1996, the effective date of the amendment to Indiana Code Section 35–46–1–5(a) enhancing the offense to a Class C felony when support arrearage exceeds $10,000. The trial court found that the amended statute violated ex post facto principles when applied to the defendant, whose $10,000 arrearage accrued prior to the effective date of the amendment, and the court granted his motion to dismiss the charge.[3] We disagreed and concluded that

---

2. Cooper concedes that child support does not abate during periods of incarceration. *See Davis v. Vance,* 574 N.E.2d 330 (Ind.Ct. App.1991).

3. An ex post facto law is "any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then [prescribed].' " *Land,* 688 N.E.2d at 1309

a defendant "may be properly charged with the Class C felony if the underlying act, i.e. failure to pay support, is alleged to have occurred after the enactment of the statute." *Id.* at 1311. We held that while the statute does not criminalize the failure to pay past due support, it does criminalize "the *present act* of failing to provide child support and enhances it if the amount due and owing at the time of the underlying act is in excess of $10,000." *Id.* (emphasis added).

Here, Cooper was charged with failing to provide child support "on or between" November 1995 and July 2000, with an amount of unpaid support "due and owing" in excess of $10,000. Appellant's App. at 11. Following our holding in *Land*, Cooper is chargeable for the amount due and owing at the time of the underlying act, regardless of whether some of that arrearage accrued while he was incarcerated. While he may offer evidence of his incarceration as an affirmative defense, his incarceration is not an absolute bar to his conviction for nonsupport of a dependant child as a Class C felony. *See id.* Accordingly, the trial court properly entered judgment of conviction on the Class C felony.

### Issue Three: Burden of Proof

■ Cooper also contends that his burden of proving the defense of inability to pay child support violates his due process rights. Specifically, he argues that this defense required him to offer evidence of his prior incarcerations, therefore denying him a fair trial. Again, we cannot agree.

■ The Due Process Clause of the U.S. Constitution and the Due Course of Law Clause of the Indiana Constitution prohibit state action that deprives a person of life, liberty, or property without a fair proceeding. *Indiana High Sch. Athletic Ass'n, Inc. v. Carlberg*, 694 N.E.2d 222, 241 (Ind.1997). The same analysis is applicable to both federal and state claims. *Id.* "An essential principle of due process is that deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Id.* We must identify the precise nature of the private interest threatened by the State before we can properly evaluate the adequacy of the State's process. *Lehr v. Robertson*, 463 U.S. 248, 257, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983). In addition to guaranteeing fair process, the Due Process Clause also provides heightened protection against state interference with certain fundamental rights and liberty interests. *Carlberg*, 694 N.E.2d at 242.

■ Cooper concedes that the requirement that a defendant in a criminal non-support case prove that he is financially unable to support his child does not constitute an unconstitutional shifting of the burden of proof to the defendant. *Davis v. Barber*, 853 F.2d 1418, 1425 (1988). Nonetheless, he argues that the requirement is unconstitutional *as applied* in his case because he was "forced to reveal his criminal background." Brief of Appellant at 17. Indiana Evidence Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. This rule is designed to prevent a jury from making the "forbidden inference" that prior bad conduct suggests guilt in the present action. *McCarthy v. State*, 749 N.E.2d 528, 536 (Ind.2001). Moreover, relevant evidence is admissible

(quoting *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981)).

if its probative value outweighs the danger of unfair prejudice. *See* Ind. Evid. Rule 403.

It is clear that evidence of Cooper's prior incarcerations was not offered to prove his guilt, but to establish his affirmative defense. This evidence was offered as an excuse, to exonerate rather than to inculpate. Because Cooper had the burden of proving his affirmative defense of inability to pay, it was his prerogative to assess whether the probative value of his criminal history was substantially outweighed by its prejudicial nature. Cooper was not "forced" to reveal his criminal background. Rather, he was merely afforded the opportunity to assert his affirmative defense. Cooper's burden of proving his affirmative defense is constitutional as applied to his case, and his due process rights were not violated. *See e.g. Marley v. State,* 747 N.E.2d 1123, 1129 (finding defendant's burden of proving insanity as affirmative defense not a violation of due process).

### Issue Four: Sufficiency of the Evidence

Cooper finally contends that the State failed to present sufficient evidence to sustain his conviction. In particular, he argues that he indeed provided regular support to J.C. beyond a "mere token amount." Again, we cannot agree.

When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Fish v. State,* 710 N.E.2d 183, 184 (Ind.1999). Instead, we look to the evidence most favorable to the State and all of the reasonable inferences to be drawn from that evidence. *Bartlett v. State,* 711 N.E.2d 497, 499 (Ind.1999). A conviction will be affirmed if the probative evidence and reasonable inferences to be drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Fish,* 710 N.E.2d at 184.

As a general rule, an obligated parent will not be allowed credit for payments not conforming to the support order. *Bendix v. Bendix,* 550 N.E.2d 825, 826 (Ind.Ct.App.1990). A narrow exception to this rule is that an obligated parent may be entitled to credit for child support payments made directly to the custodial parent. *See id.* (citing *Castro v. Castro,* 436 N.E.2d 366, 368 (Ind.Ct.App.1982)). Support payments made directly to children do not fall within this exception because the payments are not made to the person entitled to receive the funds. *Id.*

A parent may escape criminal liability, however, by doing that for which he or she would find no refuge in a dissolution court, namely providing a dependent child with food, clothing, shelter or medical care. *Grimes v. State,* 693 N.E.2d 1361, 1363 (Ind.Ct.App.1998). But the parent must provide more than a mere token amount of support. *Id.* The record reveals that during the summer of 2000, J.C. stayed with Cooper and Cooper's mother for six to eight weeks. During this time, Cooper gave J.C. twenty to forty dollars every week for clothes, school supplies, and toys. Cooper also testified that during this time, he took J.C. camping almost every week, for two to three days at a time.

However, from October 1989 through June 2000, Cooper accrued an arrearage of $12,030. Cooper paid only $120 of his court-ordered obligation during that eleven-year period. In light of his large arrearage, any support Cooper directly provided to J.C. during the summer of 2000 can only be described as minimal or token. *See id.* (finding because defendant was delinquent in over fifty percent of court-ordered obligation, his support in form of unspecified amounts of food and clothing

over four-year period constituted minimal support). Accordingly, Cooper may not escape criminal liability. The evidence was sufficient to support his conviction.

Affirmed.

BAKER, J., and MATTINGLY–MAY, J., concur.