Maurice PORTER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–0912–CR–570.

Court of Appeals of Indiana.

Oct. 27, 2010.

Peter D. Todd, Elkhart, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Brian Reitz, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Maurice Porter ("Porter") appeals his convictions on two counts of Class C felony Nonsupport of a Dependent Child.[1] We affirm in part, reverse in part, and remand with instructions.

### Issues

Porter presents two issues, which we restate as:

I. Whether Porter's convictions violate Indiana double jeopardy principles; and

II. Whether the State presented sufficient evidence to enhance Porter's convictions to Class C status.

### Facts and Procedural History

Porter is the father of L.P., born in 1992, and S.P., born in 1995. On March 19, 2001, he was ordered to pay $119 per week in child support as part of a dissolution decree. In November of 2005, Porter was convicted of two counts of Nonsupport

---

1. Ind.Code § 35–46–1–5(a).

of a Dependent Child, as Class D felonies. On December 7, 2005, he was sentenced to three years of work release and was ordered to pay $119 per week in support plus an additional $50 per week toward his arrearage of $35,497.33.

In August of 2009, the State charged Porter with two counts of Nonsupport of a Dependent Child, both as Class C felonies, alleging that Porter had failed to provide support "on or between" August 25, 2008 to April 30, 2009, "in an aggregate amount in excess of $15,000; to wit: $54,889.33 as of 4/30/2009...." (App. p. 2.) A jury convicted Porter of both counts. The trial court sentenced him to consecutive five-year terms, resulting in an aggregate ten-year executed sentence. Porter now appeals.[2]

## Discussion and Decision

Porter claims that his convictions violate double jeopardy principles and are not supported by sufficient evidence, and he asks this Court to vacate them. At the center of his claims is the dollar amount of his child support arrearage. But the criminal offense is more expansive than Porter's arguments suggest. Thus, before addressing specific issues, we examine the Nonsupport of a Dependent Child statute.

### I.C. § 35–46–1–5(a)

Indiana Code section 35–46–1–5(a) first provides that "[a] person who knowingly or intentionally fails to provide support to the person's dependent child commits nonsupport of a child, a Class D felony." "Support" is defined as "food, clothing, shelter or medical care." Ind. Code § 35–46–1–1. Thus, the fact that a parent owes a substantial amount of child support is not necessarily dispositive in determining criminal liability. *Grimes v.*

*State,* 693 N.E.2d 1361, 1363 (Ind.Ct.App. 1998). Stated otherwise, the basic offense does not criminalize the nonpayment of child support, as "[a] parent may escape criminal liability ... by doing that for which he or she would find no refuge in a dissolution court, namely providing a dependent child with food, clothing, shelter or medical care." *Cooper v. State,* 760 N.E.2d 660, 667 (Ind.Ct.App.2001), *trans. denied.* But that support must be more than a mere token amount. *Id.*

The second part of the statute reads: "However, the offense is a Class C felony if the total amount of unpaid support that is due and owing for one (1) or more children is at least fifteen thousand dollars ($15,000)." I.C. § 35–46–1–5(a). This provision describes the enhancement. *State v. Land,* 688 N.E.2d 1307, 1310 (Ind.Ct. App.1997), *trans. denied* (discussing prior version of statute). Combining the two provisions, the nonsupport of a dependent child statute "criminalizes the present act of failing to provide child support and enhances it" if the arrearage "at the time of the underlying act" is at least $15,000. *Id.* at 1311. With this background, we now turn to Porter's contentions.

### Issue One: Double Jeopardy

Porter first contends that his convictions violate Indiana's double jeopardy principles because the State "intentionally used the same evidence" from his prior convictions to support the convictions in this case. Appellant's Br. at 3. Specifically, Porter complains that the State charged him with an arrearage in excess of $50,000, which included the arrearage that formed the basis of his former nonsupport convictions.

2. We held oral argument in the Franklin Circuit Court on September 17, 2010. We thank the Franklin County bench and bar for their warm hospitality; we thank counsel for their able advocacy.

"No person shall be put in jeopardy twice for the same offense." Ind. Const. art. I, § 14.[3] Two or more offenses are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, "if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Miller v. State*, 790 N.E.2d 437, 439 (Ind.2003) (quoting *Richardson v. State*, 717 N.E.2d 32, 49 (Ind.1999)). In addition, categories of double jeopardy based on rules of statutory construction and common law prohibit multiple convictions or punishments for the same crime. *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind.2002); *Calvert v. State*, 930 N.E.2d 633, 641–42 (Ind.Ct.App. 2010). As relevant here, these categories bar "[c]onviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished," as well as "[c]onviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished." *Guyton*, 771 N.E.2d at 1143; *Richardson v. State*, 717 N.E.2d 32, 55–56 (Ind.1999) (Sullivan, J., concurring).

For ease of review, we first consider the basic offense, nonsupport of a dependent child as a Class D felony. The duty to support one's child is a continuous one, and a parent who fails to support a child commits a continuing crime. *Boss v.*

*State*, 702 N.E.2d 782, 784 (Ind.Ct.App. 1998). The State may not arbitrarily divide the offenses into separate time periods in order to multiply the penalties. *See id.* at 785–86 (reversing two of three convictions for that reason). Nevertheless, where a parent fails to provide support following an earlier conviction, the parent commits another offense. *Id.* at 785.

Here, the timeframe for the 2005 offenses does not overlap with the timeframe for the current offenses, August 25, 2008 to April 30, 2009. Further, Porter does not claim that the State arbitrarily divided the time periods of his prior and current convictions. Thus, he was properly prosecuted again under the same statute. *See id.* Porter's convictions of the basic offense of nonsupport of a dependent do not violate Indiana's double jeopardy principles.

The enhancement to Class C status, however, is problematic for two reasons. First, the State sought to enhance the offenses based upon a child support arrearage of $54,889.33, an amount that included the $35,497.33 arrearage underlying Porter's 2005 convictions.[4] As such, the State proceeded against Porter twice for the same criminal transgression.

In *Sanquenetti v. State*, the defendant pleaded guilty to Class C felony nonsupport of a dependent child, having previously pleaded guilty to nonsupport as a Class D felony. A divided panel of this Court found the defendant's four-year sentence for the Class C felony inappropriate in light of the Court's ability to "reasonably

---

3. Porter cites but does not develop an argument under the United States Constitution. Thus, we analyze the issue under Indiana double jeopardy principles only. *See Wells v. State*, 904 N.E.2d 265, 271 n. 2 (Ind.Ct.App. 2009), *trans. denied.*

4. The record does not include the charging informations from the 2005 offenses and, thus, we cannot determine with certainty that the $35,497.33 arrearage, which had accrued as of July 31, 2005, was the exact amount on which those convictions rested. That precise calculation, however, is not critical to our decision.

infer" that the total arrearage included an amount for which the defendant had already been convicted. *Sanquenetti v. State,* 917 N.E.2d 1287, 1290 (Ind.Ct.App. 2009). In a footnote, the Court elaborated:

Sanquenetti cannot be punished again for the amount of nonsupport and time periods of nonsupport upon which her class D felonies are based. In other words, the child support arrearage under the class D felony convictions cannot be added to the subsequent arrearage to achieve the $15,000 needed to elevate nonsupport of a dependent child to a class C felony.

*Id.* at 1290–91 n. 4.

■ The same reasoning applies here. The State erred in aggregating the $35,497.33 prior arrearage for which Porter had already been punished. In particular, the State improperly included the prior adjudicated arrearage in the charging informations, improperly adduced evidence regarding the aggregate arrearage, and improperly referred to the aggregate arrearage in opening statement and in closing argument. Now recognizing that impropriety, the State insists that any error was harmless because Porter had accumulated an arrearage of over $20,000 in addition to the improperly included $35,497.33 arrearage. *See* Ind. Trial Rule 61 (stating that no error in the admission of evidence is grounds for setting aside a verdict unless refusal to take such action appears inconsistent with substantial justice.)

The record shows that, based upon the $119 weekly child support order, an arrearage of approximately $20,000 had accumulated from August 1, 2005 through April 30, 2009. Indeed, Porter concedes that "the record demonstrates that an arrearage in excess of $15,000 had accrued after ... sentencing on the prior D felonies." Appellant's Br. at 4. Thus, no aggregation was necessary to achieve the $15,000 statutory threshold. Additionally, although the jury was instructed on the offenses as charged, jurors were also told that, to convict Porter, the State must have proved only that the total amount of unpaid support due and owing for one or more children was at least $15,000. We conclude that, in this situation where we are dealing with a purely monetary calculation, the failure to distinguish between current and prior arrearages was harmless. *See Jones v. State,* 812 N.E.2d 820 (Ind.Ct.App.2004) (affirming sentence where arrearage calculation was overstated but, nevertheless, exceeded statutory minimum).

■ We cannot say the same about a second double jeopardy concern—the enhancement of both offenses to Class C status based upon the same $20,000 arrearage.[5] We acknowledge that a defendant can be convicted of separate counts of nonsupport of a child, one for each child, as there are separate victims. *See Geans v. State,* 623 N.E.2d 435, 438 (Ind.Ct.App. 1993). Nevertheless, "Indiana's common law tradition prohibits multiple enhancements based upon a single act[.]" *Holloway v. State,* 773 N.E.2d 315, 318 (Ind.Ct.App.2002) (holding that the same serious bodily injury used to elevate defendant's conviction for criminal deviate conduct should not have been used to enhance the rape charge), *trans. denied; Curry v. State,* 740 N.E.2d 162 (Ind.Ct.App.2000) (holding that convictions of three enhanced felonies violated double jeopardy principles, as there was a reasonable possibility the jury based all guilty verdicts on the same force or injury), *trans. denied.*

**5.** We use the $20,000 figure, acknowledging that the amount is approximate.

Under the relevant statute, "the offense is a Class C felony if the *total* amount of unpaid support that is due and owing *for one (1) or more children* is at least *fifteen thousand dollars ($15,000)*." I.C. § 35–46–1–5(a) (emphasis added). Accordingly, the $20,000 child support arrearage sustaining both enhancements is not separate and distinct to each child. Rather, it involves the same injurious conduct to the same children in the same household. We do not believe that two offenses can be elevated based on the same act, or inaction, i.e., the same $20,000 arrearage. *Cf. State v. Moore*, 688 N.E.2d 917 (Ind.Ct. App.1997) (holding that under the prior version of the statute, the State could not aggregate amounts owed for more than one child in order to reach the amount needed to elevate the crime to a Class C felony). In other words, in contravention of double jeopardy principles, Porter is being convicted and punished "for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which [he] has been convicted and punished." *Richardson*, 717 N.E.2d at 56 (Sullivan, J., concurring).

■■■ When two convictions violate double jeopardy principles, we may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. *Id.* at 54; *Strong v. State*, 870 N.E.2d 442 (Ind.2007). Accordingly, we vacate the conviction on Count II as a Class C felony and remand with instructions to enter the conviction as a Class D felony. Porter does not challenge the length of his sentences nor the order that they be served consecutively. Thus, in the interest of finality, we direct the trial court to enter sentence on the Class D felony for the advisory one and one-half year term, *see* Ind.Code § 35–50–2–7, to be served consecutively to the five-year sentence on Count I.

### Sufficiency of Evidence

■■■ In an alternate argument related to his arrearage, Porter asks that we reverse his convictions due to insufficient evidence. Our standard of review when considering the sufficiency of the evidence is well settled. We will not reweigh the evidence or assess the credibility of witnesses. *Robinson v. State*, 699 N.E.2d 1146, 1148 (Ind.1998). Rather, we consider only the evidence that supports the verdict and draw all reasonable inferences from that evidence. *Id.* We will uphold a conviction if there is substantial evidence of probative value from which the jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

The charging informations in this case provide that, "on or between the 25th day of August 2008 and the 30th day of April 2009" Porter "did then and there knowingly and intentionally fail to provide support as ordered by a Court for his dependent child ... in an aggregate amount in excess of $15,000 ... as of 4/30/2009[.]" Porter does not contest the conclusion that he provided no support, monetary or otherwise, to his children during the time period charged by the State. Rather, he seizes upon the August 25, 2008 to April 30, 2009 period and urges that the only arrearage "relevant to the case" was the amount of unpaid child support that accrued during that eight-month period, an amount less than that required to enhance the offense. We cannot agree.

As outlined above, the statute criminalizes the *present act* of failing to provide child support and enhances the offense if the amount due and owing *at the time of the underlying act* is $15,000 or more. *Cooper*, 760 N.E.2d at 666 (*citing Land*, 688 N.E.2d at 1311). Accordingly, the

dates included in the charging documents relate to the "present act" of failing to provide support, i.e., the basic offense. As discussed previously, however, Porter continued to accumulate a child support debt after his 2005 sentencing so that, at the time of the basic offense, he owed $20,000 in child support, an amount that satisfies the statutory requirement. *See, e.g., Land,* 688 N.E.2d at 1308 (defendant was charged with nonsupport of a dependent child for the time period July 1, 1996 to December 13, 1996; his arrearage had accrued prior to July 1, 1996). The evidence is sufficient to support the arrearage used to enhance the remaining Class C felony conviction.

### Conclusion

We affirm one conviction of nonsupport of a dependent child as a Class C felony and we reduce the second conviction of nonsupport of a dependent child to a Class D felony for which the sentence shall be a term of one and one-half years, to be served consecutive to the sentence for the Class C felony. We remand with instructions to enter judgment of conviction and a sentencing order in conformance with this opinion.

Affirmed in part, reversed in part, and remanded.

KIRSCH, J., and BROWN, J., concur.

J.M., Appellant–Respondent,