## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Scott L. Barnhart
Brooke Smith
Keffer Barnhart LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Eric Hill,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 28, 2015

Court of Appeals Case No.
82A01-1505-CR-420

Appeal from the Vanderburgh
Circuit Court

The Honorable David D. Kiely

Trial Court Cause No.
82C01-1410-F6-4360

**Vaidik, Chief Judge.**

# Case Summary

[1] After being released from incarceration in July 2014, Hill registered his principal residence address in Vanderburgh County, but on July 24 moved to a new residence and failed to report the address change. His registration violation was discovered months later by detectives performing a verification check. Hill was charged with failing to register as a Level 6 felony, and the charging information stated that "on or about July 23, 2014," Hill was not residing at his registered address. Hill was convicted and sentenced for failing to register.

[2] On appeal, Hill contends that there was a fatal material variance in the State's charging information because Hill was not in violation on July 23, and the evidence is insufficient to prove that Hill knowingly or intentionally failed to register as required by statute. Hill also contends that his sentence is inappropriate. Finding no material variance and sufficient evidence, we affirm his conviction; finding that the sentence was not inappropriate in light of the nature of the offense and character of the offender, we likewise affirm Hill's sentence.

# Facts and Procedural History

[3] In July 2014, James Eric Hill was released from incarceration at the Indiana Department of Correction, where he had been serving a sentence for child molesting. On July 11, before his release, Hill signed a State of Indiana Sex or

Violent Offender Registration Form, which listed his post-release registration obligations as a sex offender. Specifically, the form stated that he was required to register his "principal address" with the Sheriff's Department in the county in which he was residing and also provided that if there was a change in address or the other required information, Hill was required to report in person and submit the new information to the local law enforcement authority having jurisdiction over his principal address not later than seventy-two hours after the change. *See* Ex. 1; *see also* Tr. p. 56-59. Hill signed this form below a line stating that he had read and received a copy of the above information and understood his duties and obligations to register. *See* Ex. 1. Additionally, before his release Hill had taken a class that covered registration requirements and parole rules, and Hill's parole officer discussed the registration requirements at their initial interview.

[4] On July 18, Hill registered with the Vanderburgh County Sheriff's Department by submitting a Sex or Violent Offender Registration Form.[1] On this document, Hill stated that he would be living on Fares Avenue in Evansville. Hill never submitted a change of address form to the Vanderburgh County Sheriff's Department after this initial form. Tr. p. 63.

[5] On October 14, Detective Mike Robinson of the Vanderburgh County Sheriff's Department, who acts as the coordinator for the sex and violent offender

---

[1] This document, which was admitted into evidence as Exhibit 2, does not appear to have been included in the exhibits on appeal, but is referred to repeatedly throughout other parts of the record, such as the transcript and briefs.

registry, asked two other detectives to conduct a verification check on Hill. The detectives went to the last-reported address and did not locate Hill. They then consulted the Sheriff's Department's Record Management System, which had a different address listed for Hill—the Wood Creek Inn in Evansville.

[6] At the Wood Creek Inn, the detectives located Hill living in a hotel room with his brother and mother. Hill's parole officer and hotel records indicate that he had moved there on July 24, 2014. Ex. 3; Tr. p. 109. When asked by the detectives about his address registration, Hill told the detectives that he "meant to have [his parole officer] take care of that." Tr. p. 80. Hill's parole officer had already explained to Hill, however, that he was a "separate entity" from the Sheriff's Department and "c[ouldn]'t save him should he have a registry violation." *Id*. at 107. The detectives ultimately did not arrest Hill due to his health problems and upcoming medical appointments, and because Hill was being monitored by a GPS unit on his ankle and did not pose an immediate threat. *See id*. at 75-76.

[7] The State charged Hill with failing to register as a Level 6 felony, and the charging information stated that "on or about July 23, 2014," Hill was not residing at his registered address.[2] *See* Appellant's App. p. 11. Following a one-day trial, the jury found Hill guilty. The trial court sentenced Hill to two-and-a-

---

[2] The State also charged Hill with a second count, failure to possess identification as a Class A misdemeanor, because Hill had not obtained and could not produce a valid driver's license or state-issued identification card containing a current address and physical description. *See* Ex. 1; Tr. p. 72. Hill does not challenge this conviction, however, so we do not include this information in the facts.

half years on the failure-to-register conviction, with 188 days credit for time spent incarcerated. *See id*. at 24-25; *see also* Sent. Tr. p. 155-56. Hill now appeals his conviction and sentence.

# Discussion and Decision

[8] Hill presents three arguments on appeal. First, he alleges that there was a fatal material variance between the crime charged and the evidence presented; specifically, the State's information charged that Hill was not residing at his registered address "on or about July 23, 2014," but the evidence at trial showed that he actually moved the next day. Second, Hill contends that the evidence is insufficient to prove that he knowingly or intentionally failed to register. Finally, Hill argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Finding no merit to these arguments, we affirm Hill's conviction and sentence.

## 1. Charging Information

[9] First, Hill alleges that the State's information—which charged that Hill moved "on or about July 23, 2014," when in fact he had moved on July 24—was not sufficiently particular and the incorrect date was a material variance from the crime as charged. "A variance is an essential difference between proof and pleading." *Neff v. State*, 915 N.E.2d 1026, 1031 (Ind. Ct. App. 2009) (quoting *Reinhardt v. State*, 881 N.E.2d 15, 17 (Ind. Ct. App. 2008)), *trans. denied*. A variance is fatal if the defendant is misled by the charge in the preparation and maintenance of his or her defense and was harmed or prejudiced as a result,

and conviction in light of the variance would raise future double jeopardy concerns. *Daniels v. State*, 957 N.E.2d 1025, 1030 (Ind. Ct. App. 2011). As a general rule, failure to make a specific objection at trial waives any material variance issue. *Neff*, 915 N.E.2d at 1031. In this case, Hill referred briefly to the date discrepancy in his closing argument but did not object to it before or during the trial. As such, we find he has waived review of this argument.

[10] Waiver notwithstanding, we find no merit to Hill's variance argument because here there was no variance between "proof and pleading," *see Neff*, 915 N.E.2d at 1031—the charging information read "*on or about* July 23," which would certainly include July 24. *See* Appellant's App. p. 11. Even if we were to find a variance here, Hill has not shown how he was misled by the charging information in preparing his defense and harmed or prejudiced as a result. *See Daniels*, 957 N.E.2d at 1030. Essentially he argues that timing is essential to the State's charge because under Indiana Code section 11-8-8-11 he was required to update his address not more than seventy-two hours after the change in residence, and he had not even moved on July 23. But Hill cannot now argue the critical importance of a three-day timing requirement when Hill still had not updated his address information on October 14, months past the seventy-two-hour window; indeed, Hill never updated his address information at all. We find no fatal variance in the State's charging information.

[11] Hill additionally contends, however, that the charging information subjects him to double jeopardy because the State could file charges against him for failing to register on dates spanning to October 14—a time period not covered by the

charging information.  Presumably he is arguing that the State should have stated in the charging information that Hill was in violation of registration requirements for this entire time period.  We find no merit to Hill's double-jeopardy argument because the duty to register is a continuous one, and Hill's failure to register was one continuing crime.  As such, the State may not arbitrarily divide the offenses into separate time periods in order to prosecute Hill again for failure to register.  *See Porter v. State*, 935 N.E.2d 1228, 1232 (Ind. Ct. App. 2010) (stating that the duty to support one's child is a continuous one, and a parent who fails to support a child commits a continuing crime, but the State may not arbitrarily divide the offenses into separate time periods in order to multiply the penalties).  Therefore, Hill is not subject to double jeopardy for failing to register during this time period.

## 2.  Sufficiency of the Evidence

Next Hill contends that the evidence is insufficient to sustain his failure-to-register conviction because the State failed to establish that he knowingly or intentionally failed to register.  When reviewing the sufficiency of evidence supporting a conviction, we will not reweigh the evidence or judge the credibility of witnesses.  *Stewart v. State*, 866 N.E.2d 858, 862 (Ind. Ct. App. 2007).  We look to the evidence most favorable to the conviction together with all reasonable inferences to be drawn from that evidence.  *Id*.  We will affirm a conviction if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.  *Id*.

[13] In order to convict Hill of failing to register under Indiana Code section 11-8-8-17, the State was required to prove beyond a reasonable doubt that Hill, a sex offender, knowingly or intentionally did not live at the address at which he was registered as required by statute. *See* Ind. Code § 11-8-8-17(a)(5). A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so. Ind. Code § 35-41-2-2(a). A person engages in conduct "knowingly" if, when he engages in that conduct, he is aware of a high probability that he is doing so. I.C. § 35-41-2-2(b).

[14] In this case, Hill does not dispute that he was required to register; instead, his challenge centers on whether the evidence proved that he had the requisite knowledge or intent. Specifically, Hill contends in his brief that "[i]t can be reasonably inferred that Hill presumed he met his registration requirement by reporting his change of address to his parole officer[.]" Appellant's Br. p. 11. The evidence shows, however, that Hill was aware he was required to report any changes in information, including his address, to the Sheriff's Department. Specifically, the record shows that Hill signed two separate registration forms—the State Registration Form and the Vanderburgh County Registration Form—acknowledging his statutory duty to register his principal address with the Sheriff's Department in the county where he was residing, and to report any changes in person to the "local law enforcement authority having jurisdiction over [Hill's] principal address" within seventy-two hours. Ex. 1; Tr. p. 60-62. Further, his parole officer testified at trial that in addition to his reminding Hill at his initial interview of the registration requirements, Hill had also taken a

class before he was released that covered registration requirements and parole rules. Tr. p. 106. With regard to Hill's knowledge that notifying his parole officer rather than the Sheriff's Department of a change in address was insufficient to satisfy the registration requirements, the following testimony occurred at trial:

> [The State]: During your meetings with Mr. Hill did you ever speak with him about what his duties were in regards to changing his address?
>
> [Hill's Parole Officer]: Yeah, . . . we talk about it at length because of the difference with it being a separate entity and I let them know that just because I'm his parole officer I can't save him should he have a registry violation. I have no control over what the Sheriff's Office says and does so to speak.

Tr. p. 107-08. We find the evidence is sufficient to show that Hill knowingly or intentionally did not reside at the address at which he was registered as required by statute. *See* I.C. § 11-8-8-17(a)(5).

## 3. Inappropriate Sentence

[15] Finally, Hill argues that his sentence is inappropriate in light of the nature of the offense and his character. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature

of the offense and the character of the offender." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). This Court does not substitute its opinion for that of the trial court, but instead attempts to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The defendant has the burden of persuading us that his sentence is inappropriate. *King*, 894 N.E.2d at 267. The sentencing range for a Level 6 felony is six months to two and one-half years. Ind. Code § 35-50-2-7(b). The trial court sentenced Hill to two and one-half years, with 188 days credit for time spent incarcerated.

[16] Here, the nature of the offense is that Hill, while on parole, failed to satisfy the statutory sex-offender registration requirement of reporting his address change, despite repeatedly acknowledging this requirement in forms he signed, taking a class on registration requirements, and being reminded by his parole officer of the requirement to do so. Hill moved from his registered principal address to a different address in late July and still had not updated his address information in mid-October, when he was found living at the unreported address. Hill's argument on appeal that this offense was a nominal violation that did not pose an immediate threat to the safety of "himself or other citizens" is unavailing. Appellant's Br. p. 12. We find that the nature of the offense does not warrant revision of Hill's sentence.

[17] As to the character of the offender, we observe that Hill has an extensive criminal history: four prior felony convictions and eight prior misdemeanors. Again, he was on parole when he committed the instant offense. Hill asserts that he obtained an associate degree in 2012 and has significant medical issues,

including stage 4 liver fibrosis, chronic hepatitis C, and hypertension, among other ailments. *See* Appellant's Br. p. 12. Hill presents no argument, however, as to why his associate degree or medical problems should play any role in our consideration of his sentence. As articulated by the State, "While his health problems may be significant, there is no showing that the Department of Correction will be unable to provide for his needs or that his problems will be unduly exacerbated by his sentence." Appellee's Br. p. 17-18. Hill has failed to meet his burden of persuading us that his sentence is inappropriate in light of the nature of the offense and character of the offender. *See King*, 894 N.E.2d at 267. We affirm Hill's sentence.

[18] Affirmed.

Bailey, J., and Crone, J., concur.