## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 27 2019, 10:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jody White,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 27, 2019

Court of Appeals Case No.
19A-CR-46

Appeal from the St. Joseph Circuit Court

The Honorable John E. Broden, Judge

The Honorable Andre B. Gammage, Magistrate

Trial Court Cause No.
71C01-1711-FC-41

**Mathias, Judge.**

[1] Jody White ("White") pleaded guilty in St. Joseph Circuit Court to Class C felony non-support of a dependent. The trial court sentenced White to seven years at the Indiana Department of Corrections ("DOC"), with three years suspended, three years of probation, and seventy-five days of jail time credit. White appeals and argues his sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

## Facts and Procedural History

[2] White is the father of P.W., born in 1996, and E.W., born in 1999. White failed to provide child support between June 3, 1997 and October 31, 2016. The State charged White with; (I) Class C felony non-support of dependent children in an amount greater than $15,000, (II) Level 5 felony non-support of a dependent child, and (III) Level 6 felony non-support of a dependent child. White has a prior felony conviction for non-support of a dependent and five contempt citations for failure to pay child support. Appellant's Confidential App. p. 57; Tr. pp. 20–21.

[3] White failed to appear at a hearing on June 20, 2018, and the Court issued a bench warrant for his arrest on July 18, 2018. Appellant's Confidential App. p. 15–16. White was served with the bench warrant on October 1, 2018, three months after his failure to appear. White pleaded guilty to the Class C felony on October 24, 2018 without the benefit of a plea agreement, and the State dismissed the Level 5 and Level 6 felonies. At sentencing, White did not dispute that he owed $35,670.48 in child support. Tr. p. 24.

The trial court sentenced White to seven years in the DOC, with seventy-five days jail credit time, three years suspended, and three years of probation. One of the conditions of his probation is the payment of child support. White now appeals his sentence.

## Discussion and Decision

Appellate courts may revise a sentence if the court finds the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The question is whether the defendant's sentence is inappropriate, not whether another sentence is more appropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). The principle role of Rule 7(B) is to "leaven the outliers" rather than to "achieve a perceived 'correct' result," and thus appellate courts conduct Rule 7(B) sentencing review with substantial deference to the trial court's sentencing decision. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008); *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014).

White argues his sentence is inappropriate because his offense was non-violent, his children are now independent, he has accepted responsibility, and he was suffering from factors that affect his ability to pay his support obligation, including unemployment, homelessness and medical emergencies. Appellant's Br. at 7–8. He argues he should be placed on Community Corrections for two years, as recommended by the probation department, so that he can participate in work release in order to repay child support and maintain a relationship with his children. *Id*. We cannot conclude that White's sentence is inappropriate in light of the nature of his offense and the character of the offender.

[7] In regard to the nature of the offense, the length of time and the amount of the arrearage are appropriate considerations in assessing the severity of the crime. *Boss v. State*, 702 N.E.2d 782, 785 (Ind. Ct. App. 1998). A person commits a Class C felony of non-support of a child if the total amount of unpaid child support for one or more children is at least $15,000. Indiana Code 35-46-1-5(a) (2001). White owes over $35,000, more than twice the minimum owed to qualify as a Class C felony. He failed to consistently pay child support from June 3, 1997 to October 31, 2016, a period of nineteen years.

[8] In regard to the character of the offender, White has been cited for contempt of court on five separate occasions for failing to pay child support and has a prior felony criminal conviction for non-support of a dependent. Tr. pp. 20–21. White was placed on probation twice for the felony non-support and twice violated that probation. *Id.* The trial court considered and rejected White's request to be placed on Community Corrections, in part because of this long history of not paying child support and prior convictions.

[9] A sentence of seven years in the DOC with three years suspended and three years of probation is not inappropriate in light of the significant amount of money owed over two decades and White's prior convictions for failure to pay child support.

[10] Affirmed.

May, J., and Brown, J., concur.